### C. Frederick FRICK and Patricia B. Frick, Petitioners,

v.

### L. M. PHILLIPS, District Director, Internal Revenue Service, Respondent.

No. 81–C–635.

United States District Court,
E. D. Wisconsin.

Aug. 7, 1981.

C. Frederick Frick, pro se.

Nancy Morgan, Tax Div., U.S. Dept. of Justice, Washington, D. C., for respondent.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

In a decision and order dated June 8, 1981, I denied these pro se plaintiffs' motion for a temporary restraining order and established a briefing schedule for the plaintiffs' motion for a preliminary injunction. I also noted that the plaintiffs had a heavy burden to meet in order to prevail on their motion.

"Despite the provisions of [26 U.S.C.] section 7421(a), [which bars actions to enjoin federal tax collections], an injunction against the collection of federal taxes may be obtained if it is 'established that the [government's] action is plainly without a legal basis' and that the government has 'no chance of success on the merits.' *Bob Jones University v. Simon*, 416 U.S. 725, 745 [94 S.Ct. 2038, 2050, 40 L.Ed.2d 496] (1974) . . . ." *Frick v. Phillips*, slip op. at 2.

The plaintiffs' frustration with the government is understandable from the record. On April 7, 1980, they received a "statement of tax due," informing them that for the tax period ending December 31, 1976, they owed tax and interest of $537.29. *See* plaintiffs' brief in support of motion, filed June 19, 1981, Exh. A. After additional late payment penalties were assessed, the plaintiffs paid the amount owed. *See* plaintiffs' brief, Exh. B(2). Sometime during this period a "notice of deficiency" was sent by certified mail to the plaintiffs, but they did not receive it. The envelope containing this notice bears markings that suggest that the plaintiffs neglected to pick up the notice at their post office. *See* government's brief in opposition, filed July 1, 1981, Exh. B. This deficiency, also for the year 1976, was for $9,841.00, plus penalties of $492.00. It is dated March 4, 1980. *See* government's brief, Exh. A.

On August 18, 1980, the plaintiffs received another communication from the IRS, stating that the amount owed for 1976 was $12,709.47. A copy of this notice is not in the record. On March 4, 1981, the Kansas City office of the IRS sent the plaintiffs a handwritten memo, informing them that the total amount owed for 1976 as of March 16, 1981, was $13,728.58. *See* plaintiffs' brief, Exh. D(3). Subsequently, the Milwaukee office of the IRS sent a "notice of federal tax lien" dated May 11, 1981, in the amount of $12,709.47. *See* plaintiffs' brief, Exh. D(1). A letter dated May 14, 1981, also from the Milwaukee office, informed the plaintiffs that they owed $14,184.12 for 1976. *See* plaintiffs' brief, Exh. D(2). Another memo from the Kansas City office, dated June 1, 1981, put the amount owed for 1976 at $13,123.76. *See* plaintiffs' brief, Exh. D(4). The plaintiffs also received a form from the St. Paul office dated March 27, 1981; this form, as it is contained in the record, is virtually incomprehensible, although it apparently has something to do with the plaintiffs' 1976 taxes. *See* plaintiff's brief, Exh. D(5).

The above sequence of events amply demonstrates the bureaucratic bumbling that has helped make the IRS such a pariah among the nation's taxpayers. I note that the government still has trouble clearly stating precisely what amount it expects

from the plaintiffs. *Compare* the government's brief at p. 2 *with* its brief at p. 4, n.2.

Nonetheless, the plaintiffs have not met their burden to *enjoin* the government's collection of taxes. The plaintiffs have spent considerable time discussing the standards generally applicable in resolving requests for a preliminary injunction. *See Ciechon v. City of Chicago,* 634 F.2d 1055, 1057 (7th Cir. 1980). However, this less burdensome standard does not apply to injunctions to bar the collection of taxes; the plaintiffs must meet the far greater test described in *Bob Jones, supra.* This they have not done. A deficiency issued by the IRS is prima facie correct, and the taxpayer bears the burden of proving that the deficiency is incorrect. *Welch v. Helvering,* 290 U.S. 111, 115, 54 S.Ct. 8, 9, 78 L.Ed. 212 (1933); *Wickwire v. Reinecke,* 275 U.S. 101, 105, 48 S.Ct. 43, 44, 72 L.Ed. 184 (1927). The plaintiffs have submitted nothing to show that the deficiency assessed by the government is incorrect and that the government has no chance of success on the merits. Nor have they presented anything that justifies the scheduling of an oral hearing, as the plaintiffs request. Accordingly, the motion for a preliminary injunction must be denied.

Therefore, IT IS ORDERED that the plaintiffs' motion for a preliminary injunction be and hereby is denied.

IT IS ALSO ORDERED that the parties or their counsel are to appear in courtroom 225, Federal Building, Milwaukee, Wisconsin, at 9:30 A.M., Tuesday, September 22, 1981, for a status conference.