### C. Frederick FRICK and Patricia B. Frick, Plaintiffs,

v.

### L. M. PHILLIPS, District Director, Internal Revenue Service, Defendant.

#### No. 81-C-653.

United States District Court,
E. D. Wisconsin.

Dec. 16, 1981.

C. Frederick Frick, Patricia B. Frick, pro se plaintiffs.

Nancy Morgan, Tax Division, Dept. of Justice, Washington, D. C., and Joseph P. Stadtmueller, U. S. Atty., Milwaukee, Wis., for defendant.

### DECISION and ORDER

MYRON L. GORDON, District Judge.

In a decision and order dated August 7, 1981, I denied the plaintiffs' motion for a preliminary injunction. *Frick v. Phillips*, 518 F.Supp. 1329 (E.D.Wis.1981). The plaintiffs, acting pro se, sought to enjoin the government's efforts to collect taxes the government says the plaintiffs owe for the year 1976. As I discussed in the order, the government had been extremely unclear about the amount of taxes allegedly owed. The plaintiffs had received communications from three offices of the internal revenue service, listing five different amounts owed. Nonetheless, the plaintiffs had not presented anything to show that the government had "no chance of success on the merits" of the deficiency claim. *See Bob Jones University v. Simon*, 416 U.S. 725, 745, 94 S.Ct. 2038, 2050, 40 L.Ed.2d 496 (1974).

On August 24, 1981, the government moved to dismiss this action because the relief sought—an injunction—is beyond this court's power to grant, pursuant to 26 U.S.C. § 7421(a). The government asserted that none of the exceptions found in section 7421(a) were applicable at bar, and thus this

court had no jurisdiction over the plaintiffs' claim. The government also argued that the plaintiffs could not maintain this action as a suit for a refund because they had not paid the full amount of the deficiency owed, a jurisdictional prerequisite to an action for the refund of taxes. *Flora v. United States*, 362 U.S. 145, 80 S.Ct. 630, 4 L.Ed.2d 623 (1959); *see* 28 U.S.C. § 1346(a)(1).

The plaintiffs did not make a timely response to the motion to dismiss; in a letter dated September 22, 1981, I informed them of their right to file a brief. On October 5, 1981, the plaintiffs filed a "stipulation to dismiss or in the alternative, motion to extend time to file a brief." The plaintiffs set up certain conditions to the stipulation, including a thirty day period "to replead and file an Amended Complaint." If that was unsatisfactory, the plaintiffs sought an additional thirty days in which to file their brief.

The government then failed to respond in a timely fashion, apparently because of difficulty in delivering mail within the justice department. On November 12, 1981, the government filed a brief in opposition to the plaintiffs' requests of October 5. On December 2, 1981, the plaintiffs filed a "reply and petition." This filing is in part a response to the defendant's motion to dismiss. Attached to the plaintiffs' submission are several exhibits that indicate that the IRS has moved to collect the taxes it says the plaintiffs owe by foreclosing on the plaintiffs' home.

The plaintiffs now contend that the government's failure to deliver the notice of deficiency violated their due process rights because they were not able to appeal the deficiency to the Tax Court within the ninety days period provided in 26 U.S.C. § 6213(a). I note that there is no mention of this claim in the complaint filed on June 5, 1981. The notice of deficiency was sent by certified mail in March, 1980; this type of delivery is authorized by 26 U.S.C. § 6212(a). As I observed in the August 7 order, the reason the plaintiffs did not receive the notice may be "that the plaintiffs neglected to pick up the notice at their post

office." *Frick, supra*, at 1330. On August 18, 1980, the plaintiffs received the first of several notices from the government, yet they waited until June 15, 1981, to file this action.

The defendant moves to dismiss this action on the ground that the plaintiffs have failed to demonstrate that this court has jurisdiction over their claim. The plaintiffs seek:

"That all officers, agents and personnel of the Internal Revenue Service be restrained from any further proceedings as to any claim, liens, judgments, and foreclosures, that have been threatened upon the plaintiffs for the tax year ending 12–21–76." Complaint, filed June 5, 1981, ¶ 5.

The plaintiffs' brief of December 5, 1981, reads:

"The reason this suit is brought is to stay the Department from Collection of Taxes *not* due them, and until a Court of Law determines the issues involved; and whether the taxes assessed are correct. Once this is accomplished by an impartial Court, and not a biased agency, the Plaintiffs will be happy to pay their just taxes."

This court does not have jurisdiction to hear such a claim unless the taxes allegedly owed are completely paid and the taxpayer sues for a refund. *See Flora, supra*. In addition, this court may not enjoin the government's efforts to collect taxes unless the taxpayer demonstrates that the notice of deficiency is incorrect and the government has *no* chance of success on the merits. *See Bob Jones, supra*. The government's notice of deficiency is prima facie correct; the taxpayer has the burden of showing otherwise. *Welch v. Helvering*, 290 U.S. 111, 115, 54 S.Ct. 8, 9, 78 L.Ed. 212 (1933).

The above principles were discussed in my order of August 7th. I stated then:

"The plaintiffs have submitted nothing to show that the deficiency assessed by the government is incorrect and that the government has no chance of success on the merits. Nor have they presented

anything that justifies the scheduling of an oral hearing." *Frick, supra,* at 1331. Over four months have passed, but the plaintiffs still have not submitted any material that demonstrates that the deficiency is incorrect. Congress has created a statutory framework for the consideration of taxpayer disputes with the tax collector, but what the plaintiffs wish is for this court to go outside that framework to grant them relief. This court does not have jurisdiction over the plaintiffs' claims. Nothing in the record justifies a hearing on this matter, and nothing supports a claim of jurisdiction. Accordingly, I will grant the defendant's motion to dismiss.

Therefore, IT IS ORDERED that the defendant's motion to dismiss be and hereby is granted.

IT IS ALSO ORDERED that this action be and hereby is dismissed.