135 So.2d 235 (1961)
UNITED STATES of America, Appellant,
v.
Samuel WEISSMAN and Beth Weissman, his wife, et al., Appellees.
No. 2157.
District Court of Appeal of Florida. Second District.
December 8, 1961.
*236 Edward F. Boardman, U.S. Atty., Miami, and Louis F. Oberdorfer, and Fred E. Youngman, Assts. Atty. Gen., for appellant.
Richard T. Stierer, and Adams & Kramer, West Palm Beach, for appellees.
SMITH, Judge.
Samuel Weissman and Beth Weissman, his wife, some of the appellees here, filed their complaint to foreclose a landlord's lien for rent given by Section 83.08, Florida Statutes, F.S.A. The United States of America, appellant here, and the other appellees, were defendants. The plaintiffs were the owners of certain commercial rental property, and on August 1, 1957, they entered into a written lease with Benjamin Weissman in which the tenant agreed to pay rent in the total amount of $10,800.00, payable in monthly installments of $300.00 each. The rent began and the tenant went into possession on the date of the lease and on the same date the tenant moved onto the premises certain items of personal property belonging to the tenant. These items of personal property remained on the premises to the time of the institution of this suit. The rent was paid as it became due until the payment of July, 1959, when default occurred.
The United States of America was named party-defendant under the authority of 28 U.S.C. § 2410, by virtue of the fact that the government had filed notices of federal tax liens under the internal revenue laws for federal taxes owed by the tenant Weissman, they being recorded on August 5, 1955; January 23, 1958; and January 22, 1959, in the Office of the Clerk of the Circuit Court of Palm Beach County, Florida. The answer of the government attached certificates of assessments and alleged that the government liens for federal taxes were prior and superior to the lien of the plaintiffs and all other claimants. The certificates of assessment certify that the assessments were made from February 25, 1954, through November 21, 1958.
The court entered a final decree finding that the plaintiffs' statutory landlord's lien for rent attached to the property as of the time the property was brought upon the premises and was superior to any liens acquired subsequent to that time, notwithstanding the fact that the rent may not have become delinquent until after the filing of the federal liens, the effect being that the federal lien filed August 5, 1955, was adjudged to be superior to the landlord's lien and all other government liens were adjudged to be inferior.
*237 The appellees contend that under the laws of the State of Florida the landlord had a perfected lien which existed prior to the date of the recording of the federal tax liens (except the one of August 5, 1955) and that the principle of first in time is first in right applies in this instance. Section 83.08, Florida Statutes, F.S.A., provides, in effect, that every person to whom rent may be due shall have a lien for such rent upon all property of the tenant usually kept on the premises and that this lien shall be superior to any lien acquired subsequent to the bringing of such property on the leased premises.
The Supreme Court of Florida has held that generally a landlord's lien for the payment of rent is superior to any judgment or other lien acquired subsequent to the bringing of the property on the leased premises. This lien is not dependent upon the levy of a distress warrant, nor does its existence depend upon filing or recording, or the institution of any proceeding for its enforcement, but it has priority over judgment, execution or attachment liens subsequently acquired on the property, and that this is true even as to a warrant issued for collection of taxes imposed by the State of Florida under the Act commonly known as the "Change Store Act." Lovett v. Lee, 1940, 141 Fla. 395, 193 So. 538. Thus, it is clear that if the Florida law was controlling, the decree of the trial court would be affirmed.
The liens of the federal government arose under the Internal Revenue Code of 1954, which provides, insofar as material to the question here, in Section 6321, 26 U.S.C.A. § 6321, that, if any person liable to pay any tax neglects to pay the same, after demand, the amount shall be a lien in favor of the United States upon all property belonging to such person. Section 6322 provides that the lien imposed shall arise at the time the assessment is made and shall continue until the amount is satisfied. Section 6323(a) provides that the lien so imposed shall not be valid as against any mortgagee, pledgee, purchaser, or judgment creditor until notice thereof has been filed (in this instance in the Office of the Clerk of the Circuit Court of Palm Beach County, Florida.)
The Supreme Court of the United States of America has held that, the effect of a lien in relation to a provision of federal law for the collection of debts owing the United States is always a federal question. United States v. Security Trust & Savings Bank, 340 U.S. 47, 71 S.Ct. 111, 95 L.Ed. 53, and that this is true regardless of what rights the landlord's lien statute may create under state law. People of State of New York v. Maclay, 288 U.S. 290, 53 S.Ct. 323, 77 L.Ed. 754. The lien of the United States for unpaid taxes, while a general lien in the sense that it attaches to all of the property of the delinquent taxpayer, nevertheless is a perfected lien at the time it arises, and where the federal tax lien and the competing statutory lien are of equal dignity, that is, where the competing statutory lien is a perfected lien in the sense that there is nothing more to be done to have a choate lien, when the identity of the lienor, the property subject to the lien, and the amount of the lien are established, priority is to be determined on the principle that, "the first in time is the first in right." United States v. City of New Britain, 347 U.S. 81, 74 S.Ct. 367, 371, 98 L.Ed. 520. We must, therefore, look to the Federal statutes and decisions to determine this issue.
One of the notices of lien was recorded before the date of the lease (which is the same date that the rent payments began and the same date that the tenant brought the property in question on the leased premises) and the other two notices of liens were recorded in the county records subsequent to the above date but prior to the first default in payment of rent. All of the federal liens actually arose and became perfected liens on the respective assessment dates even though not recorded in the county records. The assessment dates are both prior to and subsequent to the date *238 of the lease and all of the assessment dates are prior to the first default in payment of rent. If the government is required to record a notice of lien to make its lien valid as against the landlord, then the landlord's statutory lien for rent must be construed as placing the landlord in the position of a mortgagee, pledgee, purchaser, or judgment creditor to bring the landlord under the protection of Section 6323(a), supra, since there is no other requirement for recording.
The terms "mortgagee", "pledgee", "purchaser", and "judgment creditor" are used in their ordinary and accepted sense. United States v. Gilbert Associates, 345 U.S. 361, 73 S.Ct. 701, 97 L.Ed. 1071.
In United States v. Security Trust & Savings Bank, supra, the court held that, if the purpose of the federal tax lien statute to insure prompt and certain collection of taxes due the United States from tax delinquents is to be fulfilled, then the rule must prevail that it is never sufficient to defeat the federal priority merely to show a lien effective to protect the lienor against others than the government, but contingent upon taking subsequent steps for enforcing it. That a prior attachment lien under California law was contingent or inchoate, merely a lis pendens notice that a right to perfect a lien exists and therefore not entitled to priority over the federal lien. The same determination has been made with respect to mechanics' liens under state law. United States v. Colotta, 350 U.S. 808, 100 L.Ed. 725, 76 S.Ct. 82, including one decision applying specifically to the State of Florida, United States v. Hulley, 358 U.S. 66, 3 L.Ed.2d 106, 79 S.Ct. 117. The Florida decisions on the same case are Fla., 102 So.2d 599, and Fla. 111 So.2d 38.
Federal Court decisions specifically holding that a statutory landlord's lien for rent was not a specific and perfected lien as a matter of federal law for the purpose of determining priority with a federal lien are: United States v. Waddill Co., 323 U.S. 353, 89 L.Ed. 294, 65 S.Ct. 304 (Virginia); and United States v. Scovil, 348 U.S. 218, 99 L.Ed. 271, 75 S.Ct. 244 (South Carolina). In these decisions the Supreme Court of the United States held that the landlord had a lien other than that of a mortgagee, pledgee, or judgment creditor and that the landlord was not a purchaser, all within the meaning of that section of the Internal Revenue Code requiring recording of notice and that the landlord was not entitled to the protection of that section. The Federal decisions further hold that a landlord's statutory lien for rent is inchoate and unperfected under the circumstances here at the time the federal tax liens arose, and the landlord's lien was not entitled to priority under the doctrine of first in time is first in right or under any doctrine of relation back. United States v. New Britain, supra, and United States v. Security Trust & Savings Bank, supra.
In Hoare v. United States of America, Case No. 17,162 in the United States Court of Appeals for the Ninth Circuit, opinion dated September 26, 1961, 294 F.2d 823, the Court held that the holder of a chattel mortgage given by a tax debtor of the United States as security for the performance of a lease had priority by virtue of the protection provided by Section 6323(a), supra, to the extent only of the arrearages existing when the tax lien attached.
We, therefore, hold that on the dates on which the federal tax liens arose and attached to the property of the tenant taxpayer (the various dates on which the assessments were made) that the landlord did not have a lien which was prior to any of the federal tax liens. We are conscious of the fact that this result places a great burden upon statutory lien holders acting in good faith without recorded notice of federal tax liens. This is particularly significant in this time of extensive federal taxation when it is often said that by virtue of federal taxes the government has become a partner with every businessman. However, the power to correct this does *239 not lie with this Court, but rather with the Congress of the United States.
The final decree of the trial court is reversed with directions to enter a decree in accordance with this opinion.
Reversed.
SHANNON, C.J., and WHITE, J., concur.