**Don SCHULTZ, Plaintiff,**

v.

**John R. STARK, et al., Defendants.**

**Gary ALMOND, et al., Plaintiffs,**

v.

**John R. STARK, et al., Defendants.**

Civ. A. Nos. 82–C–1280, 82–C–1281.

United States District Court,
E.D. Wisconsin.

Jan. 25, 1983.

**1220**

Shelly Waxman, Bakersfield, Cal., and William Whitnall, Racine, Wis., for plaintiffs.

Joseph P. Stadtmueller, U.S. Atty. by Melvin K. Washington, Asst. U.S. Atty., Milwaukee, Wis., and Jeffrey D. Snow, Tax Div., Dept. of Justice, Washington, D.C., for defendants.

## DECISION AND ORDER

REYNOLDS, Chief Justice.

These cases were removed from the state courts to this court. The defendants are the same in each case and the facts essentially identical. The plaintiffs share the same counsel. In both cases, the plaintiffs have moved to remand these cases to the state courts, or alternatively that the cases be consolidated. The defendants have moved to dismiss each case.

The allegations of the complaints indicate that the plaintiffs are all employed by American Motors Corp., and are all members of the Belanco Religious Order. Pursuant to orders from Belanco, the plaintiffs completed Internal Revenue Service Forms W–4 claiming that their wages were exempt from state and federal withholding. The IRS, through the defendants, directed AMC to ignore the W–4 Forms and to withhold taxes on wages paid to the plaintiffs. AMC complied with the IRS's direction.

The complaints allege five causes of action. The first is that the above acts by the defendants constitute a common law tortious interference with the plaintiffs' relationship with their employer and conversion of funds. Count II alleges that the defendants' actions violated 26 U.S.C. § 7214(1) [which the Court assumes refers to § 7214(a)(1)] which makes it illegal for United States employees to extort or willfully oppress under color of law. Count III alleges a violation of the Privacy Act, 5 U.S.C. § 552a. Counts IV and V allege constitutional torts violating the plaintiffs' rights of religious freedom and due process.

■ From the foregoing allegations of federal causes of action and violations of the United States Constitution, it is apparent that removal was proper and that the plaintiffs' motion to remand these cases must be denied.

The Court also concludes that the allegations of the complaints fail to state a claim for which relief can be granted. The factual allegations simply state that the IRS, through its employees who are the defendants in this action, improperly refused to grant plaintiffs an exempt status. However, none of the allegations in the complaint sufficiently allege why the refusal was erroneous.

■ It may be inferred from the allegations that the reason the plaintiffs claim the refusal was erroneous is that the plaintiffs belong to a religious order which directs its members not to pay income taxes. Regardless of whether such membership gives the plaintiffs justification for not paying taxes, the plaintiffs proper procedure for challenging their tax liability is through a suit for a refund after filing a claim for a refund with the IRS under 26 U.S.C. § 7422(a). Applying the withholding tax against the plaintiffs' employer would not violate the plaintiffs' right to religious freedom under the first amendment to the United States Constitution. Similarly, such withholding does not violate the plaintiffs' due process rights. *E.g., Stonecipher v. Bray,* 653 F.2d 398, 403 (9th Cir.1981).

■ The factual allegations are also insufficient to support any of the first three causes of action listed in the complaint.

■ The defendants have also requested that this Court award costs and attorney fees. Such an award is appropriate where the losing party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Alyeska Pipeline Service Co. v.*

*Wilderness Society,* 421 U.S. 240, 258–59, 95 S.Ct. 1612, 1622–23, 44 L.Ed.2d 141 (1975). In this action, an award of attorney fees and costs is appropriate. The law is well settled as to the constitutionality of the withholding tax and the manner in which refunds are sought. This action is clearly frivolous.

THEREFORE, IT IS ORDERED that:

1. Plaintiffs' motion to remand these cases is denied.

2. Defendants' motions to dismiss are granted in both case No. 82–C–1280 and case No. 82–C–1281.

3. Defendants in case No. 82–C–1280 and case No. 82–C–1281 shall be awarded reasonable attorney fees and costs.