UNITED STATES of America, Plaintiff,

v.

Irving R. HOFFMAN, et al.,
Defendants.

No. 84-C-1574.

United States District Court,
E.D. Wisconsin.

Aug. 28, 1986.

Mary E. Bielefeld, U.S. Dept. of Justice, Washington, D.C., for plaintiff.

Weigel Law Office by Joseph W. Weigel, Milwaukee, Wis., for defendants.

## DECISION and ORDER

MYRON L. GORDON, Senior District Judge.

The United States filed this action pursuant to 28 U.S.C. §§ 1340 and 1345 and 26 U.S.C. §§ 7402(a) and 7403 to reduce outstanding federal tax assessments plus statutory additions to judgment, to foreclose tax liens against certain real property, and to obtain, if necessary, a deficiency judgment against the defendants. The United States also seeks attorneys' fees and costs. Following a stay resulting from the defendants' petition to and ultimate discharge in bankruptcy court, a trial to the court was held on July 28–29, 1986.

Based on the testimony and other evidence elicited at trial, I find that the defendants are liable for outstanding taxes, statutory additions and interest in the amount of $46,321.01 plus interest and penalties accruing since June 30, 1984. Furthermore, I find that a lien arises in favor of the United States in the amount of the unpaid balance of assessment made against Irving Hoffman, including real property conveyed by Irving Hoffman to the Irving R. Hoffman Family Equity Pure Trust.

## FINDINGS OF FACT

Irving Hoffman filed an unsigned, incomplete tax form for the tax year 1974. This form 1040 was stamped "OBJECT, 5TH AMEND. U.S.C." in numerous places and submitted along with many attachments, including portions of the Magna Carta. Mr. Hoffman failed to file any semblance of a tax return for the 1975 tax year. In the absence of proper returns for either 1974 or 1975, the Internal Revenue Service reconstructed Mr. Hoffman's income for these years and concluded that he owed taxes of $12,164 for 1974 and $10,596 for 1975. The IRS also concluded that Mr. Hoffman owed statutory additions to taxes exceeding $6,900. Mr. Hoffman sought review of these computations in the United States tax court.

The tax court judge concluded that Mr. Hoffman failed to offer sufficient evidence to dispute the IRS determination. Accordingly, a judgment reflecting this decision and the IRS determinations was entered on October 13, 1982. On February 11, 1983, a delegate of the secretary of the treasury made an assessment for the deficiencies in federal income tax and additions thereto in the amount determined by the tax court. Interest on the tax court's figure was also assessed for 1974 and 1975 resulting in a total assessment of $43,140.76.

Despite the tax court's decision and a series of notices from the IRS, Irving Hoffman refused to pay. The IRS proceeded to take enforcement action. In filing notices of federal tax liens against all property owned by Mr. Hoffman, the IRS learned that Mr. Hoffman had transferred all of his property into trust. Most significant to the case now before me is the fact that on January 30, 1976, Irving Hoffman transferred and conveyed all of his interest in the Hoffman family home in Racine, Wisconsin, to Ann Hoffman and Dennis Hoffman, trustees for the Irving R. Hoffman Family Equity Pure Trust. Mr. Hoffman received a receipt for property held in trust in exchange for his conveyance. This conveyance rendered Mr. Hoffman insolvent.

In its continuing effort to collect back taxes from Mr. Hoffman, the IRS imposed a levy on the Hoffman family home. A sealed bid auction was held on the house but no bidders would pay a fair price; on December 2, 1983, the levy was released. Still other methods were employed by the IRS to secure payment from Irving Hoffman. Notices of levy were served on the banks where the Hoffman trust held checking accounts. Approximately $5,800 was secured by virtue of this procedure. However, the IRS, unsuccessful in satisfying

the remainder of the Hoffman deficiency, ultimately turned to this court for relief pursuant to 26 U.S.C. § 7403 by filing an enforcement action on December 17, 1984.

## CONCLUSIONS OF LAW

■ Only days before trial, defendants filed a motion to dismiss this action on grounds that the claim for back taxes was discharged in bankruptcy. Although back taxes more than three years overdue at the time of discharge in bankruptcy are generally deemed dischargeable, the bankruptcy code does not discharge a tax debt resulting from the failure to file a return or from a willful attempt to defeat or evade tax payment. 11 U.S.C. § 523(a)(1). This statutory provision renders Mr. Hoffman's 1974 and 1975 tax debt nondischargeable. In 1974, Mr. Hoffman mailed an unsigned return with meritless objections stamped throughout; in 1975, Mr. Hoffman failed to file any return at all. His consequent tax liability cannot be discharged. I, therefore, must deny defendants' motion to dismiss.

The defendants' tax liability has already been determined by the tax court; it is not ripe for reconsideration in this action. Generally "if a claim of liability or non-liability relating to a particular tax year is litigated, a judgment on the merits is res judicata as to any subsequent proceeding involving the same claim and the same tax year." *Commissioner of Internal Revenue Service v. Sunnen*, 333 U.S. 591, 598, 68 S.Ct. 715, 719, 92 L.Ed. 898 (1948).

■ Relying only on *United States v. O'Connor*, 291 F.2d 520 (2d Cir.1961), the defendants attempt to contravene this general rule by asserting that when the United States initiated this action, it reopened the question of the validity of the Hoffman tax deficiency. I disagree. In *O'Connor*, jeopardy assessments, entered without a tax court judgment, were sought to be enforced by the United States pursuant to 26 U.S.C. § 7403. In that situation, the court held, assessments are open to judicial scrutiny. *O'Connor, supra*, 291 F.2d at 527. By contrast, in the instant case, a full hearing in tax court has already resulted in a determination of a tax deficiency on the part of the Hoffmans. Pursuant to *Sunnen, supra*, the tax courts findings for the years 1974 and 1975, reduced to assessment, are res judicata in this proceeding.

■ Even if the validity of Irving Hoffman's liability were open to scrutiny in this court, my ultimate conclusion on this issue would be the same. Certificates of assessments and payments, once introduced, are presumptively correct. *Welch v. Helvering*, 290 U.S. 111, 115, 54 S.Ct. 8, 9, 78 L.Ed. 212 (1933); *Frick v. Phillips*, 518 F.Supp. 1329, 1331 (E.D.Wis.1981). The defendants have failed to produce any competent evidence to overcome this presumption. Therefore, the IRS determinations have not been disproved.

■ In light of his federal tax liability, the court may order foreclosure on any property in which Irving Hoffman has an interest in order to facilitate collection of taxes due. 26 U.S.C. § 7403. Ascertaining the taxpayer's rights in certain property for purposes of foreclosure under § 7403 is determined by state law. *Slodov v. United States*, 436 U.S. 238, 256 n. 19, 98 S.Ct. 1778, 1790 n. 19, 56 L.Ed.2d 251 (1978); *National Bank & Trust Co. v. United States*, 589 F.2d 1298, 1302 (7th Cir.1978). Thus, turning to Wisconsin law, I find that the conveyance by Irving Hoffman of his property interest in the family home on Indiana street to the Hoffman family trust was fraudulent and should be set aside pursuant to Wis.Stat. § 242.09.

■ Applying Wisconsin law, a Wisconsin court has already come to the same conclusion, and Mr. Hoffman is now estopped from denying ownership. The doctrine of collateral estoppel relieves parties of the burden of relitigating identical issues and promotes judicial economy by preventing needless litigation. *Allen v. McCurry*, 449 U.S. 90, 96, 101 S.Ct. 411, 415–16, 66 L.Ed.2d 308. Mutuality of parties is not required in order for the doctrine to apply. *Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation,*

402 U.S. 313, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971).

■ Thus, although the United States was not a party to the state action, the following factors support application of the doctrine of collateral estoppel to the instant case: (1) there was a final determination on the merits by the Racine County Circuit Court; (2) Irving Hoffman had a full opportunity to address the ownership issue in the state action; (4) Irving Hoffman was represented by counsel; and (5) the ownership issue in the state action is identical to the ownership issue in this case. *See Continental Can Company v. Marshall*, 603 F.2d 590 (7th Cir.1979).

Even if Mr. Hoffman were not collaterally estopped from disputing the fraudulent nature of the conveyance at issue, enough evidence has nevertheless been presented in the course of this action to warrant such a finding. Indeed, in a situation where a taxpayer disposes of property prior to the existence of federal tax liens, the United States may seek relief under the fraudulent conveyance law of the particular state in which the property and taxpayer are located. *Commissioner v. Stern*, 357 U.S. 39, 78 S.Ct. 1047, 2 L.Ed.2d 1126 (1958); *United States v. Ressler*, 433 F.Supp. 459 (S.D.Fla.1977). In Wisconsin, fraudulent conveyance law is set forth in chapter 242 of the Wisconsin statutes. "Every conveyance made ... by a person who is or will be thereby rendered insolvent is fraudulent as to creditors without regard to his actual intent if the conveyance is made ... without a fair consideration." Wis.Stat. § 242.04.

■ In the instant case, it is not disputed that the conveyance rendered Irving Hoffman insolvent. In addition, Irving Hoffman received no meaningful consideration in return for his conveyance to the trust. All that was received in exchange for his conveyance to the trust was a receipt for trust property. This receipt cannot fairly be construed as a "fair equivalent for said property." Wis.Stat. § 242.03. *See also Running v. Widdes*, 52 Wis.2d 254, 190 N.W.2d 169 (1971) (holding that the defini-tion of fair consideration under the terms of the fraudulent conveyance statute be given construction which benefits creditors, not grantees).

■ Because the transaction of January 30, 1976, rendered Irving Hoffman insolvent and was made without fair considera-tion, I conclude that the conveyance was fraudulent as to the United States pursu-ant to Wis.Stat. 242.04 and is, therefore, void and shall be set aside. Wis.Stat. § 242.09. Consequently, federal tax liens, attaching to all property and rights to prop-erty belonging to Irving Hoffman, may at-tach to the Hoffman family home fraudu-lently conveyed to the Hoffman Family Trust on January 30, 1976. Moreover, the lien existing in favor of the United States and attaching to Irving Hoffman's proper-ty shall be foreclosed and the property sold.

Defendants contend that even if owner-ship interest in the Hoffman family home is determined to vest in Irving Hoffman, fore-closure is improper because the home is exempt homestead property. Even though homestead property might be exempt un-der state law from the claims of private creditors, "[n]o provision of a state law may exempt a property from levy for the collection of federal taxes owed." Treas. Reg. on Proc. and Admin. § 301.6334–1(c). Only 26 U.S.C. § 6334 enumerates the types of property exempt from federal tax liens; nowhere on this list does homestead property appear. "[T]he ... homestead ex-emption does not erect a barrier around a tax payer sturdy enough to keep out the Commissioner of Internal Revenue." *United States v. Estes*, 450 F.2d 62, 65 (5th Cir.1971). *See also United States v. Rodg-ers*, 461 U.S. 677, 103 S.Ct. 2132, 76 L.Ed.2d 236 (1983).

■ Thus, the state homestead ex-emption does not protect defendants from foreclosure. Moreover, the fact that the IRS once levied upon the Hoffman home-stead and subsequently released its levy does not preclude another foreclosure at-tempt at this time. Release of the levy

"shall not operate to prevent any subsequent levy." 26 U.S.C. § 6343(a). *See also Stewart Title & Trust v. Ordean,* 528 F.2d 894 (9th Cir.1976) (government's release of levy on escrow account did not operate to exempt levy pursuant to civil action under section 7403). In sum, I am persuaded that the United States is entitled to foreclosure of the Hoffman homestead.

To the extent that proceeds from the sale of the property are insufficient to satisfy the claim of the United States against Irving Hoffman, the United States shall have a deficiency judgment in the amount of the unpaid tax plus statutory interest.

██ The United States requested attorney's fees in this case. Despite my holding in favor of the government, I am not persuaded that the defendants' position is patently frivolous so as to warrant imposition of fees pursuant to 28 U.S.C. §§ 1927 and 2412(b). *Cf. Lovall v. United States,* 579 F.Supp. 1047 (W.D.Wis.1984); *Schultz v. Stark,* 554 F.Supp. 1219 (E.D.Wis.1983). The United States shall, however, recover its costs.

Therefore, IT IS ORDERED that defendants' motion to dismiss on grounds of discharge in bankruptcy be and hereby is denied.

IT IS ALSO ORDERED that the plaintiff have and recover of the defendant, Irving R. Hoffman, judgment in the amount of $46,321.01, representing the defendant's deficiency as of June 30, 1984, together with costs and disbursements as taxed by the clerk of court.

IT IS FURTHER ORDERED that the plaintiff have and recover of the defendant, Irving R. Hoffman, interest on the assessed deficiency of $46,321.01, accruing from June 30, 1984, until the date of judgment and properly calculated by a delegate of the secretary of the treasury pursuant to 26 U.S.C. § 6601. Such calculation shall be submitted to the clerk of this court on or before September 22, 1986.

IT IS FURTHER ORDERED that the federal tax lien arising from the unpaid federal tax liability of the defendant, Irving R. Hoffman, shall attach to the real property located at 2319 Indiana Street, Racine, Wisconsin, more particularly described as follows:

Single family frame house located at 2319 Indiana St., Racine, WI 53405. Lot 76′ by 135′, House 24′ by 30½′ with 16′ by 30′ Addition.

Legal Description:

Lots 9 and 10, Block 23, Doris Park Addition, according to the recorded plat thereof.

Said Land being in the City of Racine, Racine County, Wisconsin.

IT IS FURTHER ORDERED that the federal tax lien attaching to the above-described property be foreclosed and the property sold at auction in accordance with 26 U.S.C. § 7403.

IT IS FURTHER ORDERED that the proceeds of such sale be paid to the plaintiff to be applied towards the satisfaction of the unpaid federal tax liability of the defendant, Irving R. Hoffman.

IT IS FURTHER ORDERED that the plaintiff have a deficiency judgment against the defendant for any portion of the indebtedness of Irving R. Hoffman remaining unsatisfied after disposition of the proceeds of the above-described property.

IT IS FURTHER ORDERED that the plaintiff's request for attorney's fees be and hereby is denied.

IT IS FURTHER ORDERED that the entry of the entire judgment in this case be withheld by the clerk of this court until the interest factor referred to above is determined so that a single judgment may be entered.