William F. THOMPSON,
Trustee, Plaintiff,

v.

N. Lois ADAMS, a/k/a Naomi Lois Adams, f/k/a Lois A. Evans; Boyd D. Evans; United States of America; Oscar E. Kramer, Jr.; Akerman, Senterfitt & Eidson; the Springs Community Association, Inc.; Robert L. Poore, Esquire; Rinker Materials Corporation; and Michael Sigman, Defendants.

Bankruptcy No. 86–601–CIV–ORL–18.

United States District Court,
M.D. Florida,
Orlando Division.

April 12, 1988.

Shawn G. Rader, Lowndes, Drosdick, Doster, Kantor & Reed, P.A., Orlando, Fla., for William F. Thompson.

A. Clifton Black, Orlando, Fla., for N. Lois Adams.

Kendell W. Wherry, Asst. U.S. Atty., Orlando, Fla., and George T. Rita, Trial Atty., Dept. of Justice—Tax Div., Washington, D.C., for U.S.

Robert L. Taylor, Orlando, Fla., for Springs Community Ass'n, Inc.

## ORDER

GEORGE KENDALL SHARP, District Judge.

In its October 15, 1987 order, the court delineated its reasons for concluding that plaintiff Thompson would take nothing in this foreclosure action, and advised that judgment would be entered following receipt of additional information from defendants the United States and The Springs Community Association, Inc. (Springs). (Doc. 61). These defendants were requested to submit legal memoranda, discussing the priority of their respectively held liens against defendants Adams and Evans as well as specific issues particular to the parties. The United States and Springs have filed their memoranda, and the court details herein its bases for deciding upon the judgment to be entered. The United States and Springs also have filed a joint motion to sell the subject property and to deposit the proceeds in the registry of the court pursuant to 28 U.S.C. §§ 2041–42. (Doc. 64).

Springs has six home association assessment liens, recorded from December 18, 1979 through May 17, 1985, against defendant Evans in the amount of $10,-533.82. Because plaintiff could not locate defendant Evans, service by publication was accomplished in compliance with 28 U.S.C. § 1655. Default was entered against defendant Evans on October 3, 1986. Section 1655 provides in pertinent part:

> If an absent defendant does not appear or plead within the time allowed, the court may proceed as if the absent defendant had been served with process within the State, but any adjudication shall, as regards the absent defendant without appearance, affect only the property which is the subject of the action.

28 U.S.C. § 1655. By its terms, § 1655 aids service upon absent defendants only in proceedings *in rem* and does not suffice for claims *in personam*. *Union Camp Corp. v. Dyal*, 460 F.2d 678, 685 (5th Cir.), *cert. denied*, 409 U.S. 849, 93 S.Ct. 56, 34 L.Ed.2d 90 (1972); *Harrison v. Prather*, 404 F.2d 267, 269 (5th Cir.1968) (per curiam); *Stewart v. United States*, 242 F.2d 49, 52 (5th Cir.1957); *see Ward v. Humble Oil & Refining Co.*, 321 F.2d 775, 780 (5th Cir.1963); *Royal Lace Paper Works, Inc. v. Pest–Guard Products, Inc.*, 240 F.2d 814, 816 (5th Cir.1957). Therefore, a personal, monetary judgment against defendant Evans would not be valid given his service by publication pursuant to § 1655.

Furthermore, in Florida, a married couple owns real estate as tenants by the entirety, unless a contrary interest is shown. *Knapp v. Fredricksen*, 148 Fla. 311, 4 So.2d 251, 252 (1941). Upon the dissolution of defendants Evans and Adams' marriage, they became tenants in common, each with an undivided one-half interest. Fla.Stat. § 689.15 (1977). Therefore, the liens held by Springs in defendant Evans' name are against him and cannot be pursued against defendant Adams.

Moreover, the Springs liens have not been reduced to judgment. Under 26 U.S.C. § 6323(a), formerly, § 3672, government liens for tax liability "imposed by section 6321 shall not be valid as against any purchaser, holder of a security interest, mechanic's lienor, or judgment lien creditor until notice thereof...." 26 U.S.C. § 6323(a). The Supreme Court has interpreted judgment creditor "in the usual,

conventional sense of a judgment of a court of record, since all states have such courts." *United States v. Gilbert Associates, Inc.*, 345 U.S. 361, 364, 73 S.Ct. 701, 703, 97 L.Ed. 1071 (1953); *United States v. Weissman*, 135 So.2d 235, 238 (Fla.2d DCA 1961). A Florida federal court has held that "§ 6323 protects a creditor against a tax lien only when the creditor's judgment becomes a specific lien against the property to which the tax lien has attached." *United States v. Cohen*, 271 F.Supp. 709, 715 (S.D.Fla.1967); *see Bryan Toyota of Fort Lauderdale, Inc. v. Fort Lauderdale Toyota, Inc.*, 1979 Stand.Fed.Tax Rep. (CCH) ¶ 9517 (S.D.Fla.1979) [available on WEST-LAW, 1979 WL 1423].

The Supreme Court also has held that the relative priority of federal tax liens is "always a federal question to be determined finally by the federal courts." *United States v. Acri*, 348 U.S. 211, 213, 75 S.Ct. 239, 241, 99 L.Ed. 264 (1955); *United States v. Security Trust & Savings Bank*, 340 U.S. 47, 49, 71 S.Ct. 111, 112, 95 L.Ed. 53 (1950); *see United States v. Morrison*, 247 F.2d 285, 287–88 (5th Cir.1957); *United States v. First Federal Savings & Loan Association*, 155 So.2d 192, 193 (Fla.2d DCA 1963); *Weissman*, 135 So.2d at 237. "[A]lthough a state court's classification of a lien as specific and perfected is entitled to weight, it is subject to reexamination by this Court." *Security Trust & Savings Bank*, 340 U.S. at 49–50, 71 S.Ct. at 113; *see Acri*, 348 U.S. at 213, 75 S.Ct. at 241 ("The state's characterization of its liens, while good for all state purposes, does not necessarily bind this Court."). In *Security Trust & Savings Bank*, the Supreme Court found that a federal tax lien recorded subsequent to an attachment lien, but prior to judgment by the attaching creditor, was superior to the inchoate attachment lien. 340 U.S. at 48–51, 71 S.Ct. at 112–113. Making the distinction that the attachment creditor did not have a judgment lien when the United States tax liens were recorded, the Court characterized the attachment lien as "contingent or inchoate—merely a *lis pendens* notice that a right to perfect a lien exists." *Id.* at 50, 71 S.Ct. at 113; *see Cohen*, 271 F.Supp. at 716–17.

■ Using the *Security Trust & Savings Bank* reasoning, a Florida appellate court held that federal tax liens, which had assessment dates prior to and subsequent to a landlord's statutory rent lien, were superior to the rent lien. *Weissman*, 135 So.2d at 237–38. Based upon the "first in time is first in right" principle, the trial court had adjudged only the federal lien recorded before the landlord's lien to be superior. *Id.* at 236; *see United States v. Equitable Life Assurance Society*, 384 U.S. 323, 327–28, 86 S.Ct. 1561, 1563–64, 16 L.Ed.2d 593 (1966); *United States v. New Britain*, 347 U.S. 81, 85, 74 S.Ct. 367, 370, 98 L.Ed. 520 (1954). Federal tax liability pursuant to 26 U.S.C. § 6321 arises at the time of assessment and continues until satisfaction. 26 U.S.C. § 6322; *Weissman*, 135 So.2d at 237; *see Bryan Toyota*, 79 Stand.Fed.Tax Rep. ¶ 9517 at 87,856; *United States v. Ressler*, 433 F.Supp. 459, 463 (S.D.Fla.1977), *aff'd*, 576 F.2d 650 (5th Cir. 1978) (per curiam), *cert. denied*, 440 U.S. 929, 99 S.Ct. 1265, 59 L.Ed.2d 485 (1979).

■ In *Weissman*, the court held that "[a]ll of the federal liens actually arose and became perfected liens on the respective assessment dates even though not recorded in the county records." 135 So.2d at 237. Because the landlord was not a judgment creditor, and, therefore, held an inchoate and unperfected lien at the time that the federal tax liens arose, the court reversed the trial court and held that "the landlord's lien was not entitled to priority under the doctrine of first in time is first in right or under any doctrine of relation back." *Id.* at 238; *see Morrison*, 247 F.2d at 287–88; *Bryan Toyota*, 79 Stand.Fed.Tax Rep. ¶ 9517 at ·87,857. Likewise, the priority determination in this case is governed by federal, not state law. Since the Springs liens have yet to be reduced to judgment, they must yield to the superior, federal tax liens.

Because Springs cannot procure a personal, monetary judgment against defendant Evans, their assessment liens in his name alone are not recoverable against defendant Adams. In addition, the Springs is

not a judgment creditor, and, therefore, the federal tax liens are superior. Accordingly, the Springs liens must defer to the federal tax liens.

■ In its memorandum, the United States designates the income tax liability that it is seeking against defendants/taxpayers: Boyd D. Evans, $57,875.49 for 1978 and $13,611.44 for 1979; Naomi Lois Adams, $65,197.74 for 1978, $40,604.65 for 1979 and $641.11 for 1981. "Regardless of when federal taxes are actually assessed, taxes are considered as due and owing, and constitute a liability, as of date the tax return for the particular period is required to be filed." *Ressler*, 433 F.Supp. at 463; *Federal Deposit Insurance Corp. v. United States*, 654 F.Supp. 794, 806 (N.D.Ga. 1986); *see* 26 U.S.C. § 6151; *United States v. Hickox*, 356 F.2d 969 (5th Cir.1966). The government duly assessed and recorded defendants/taxpayers' tax liability. 26 U.S.C. §§ 6322, 6502. Internal Revenue Service assessments are presumptively correct. *Welch v. Helvering*, 290 U.S. 111, 115, 54 S.Ct. 8, 9, 78 L.Ed. 212 (1933); *United States v. Hoffman*, 643 F.Supp. 346, 348 (E.D.Wis.1986).

The United States is entitled to a lien "upon all property and rights to property, whether real or personal" belonging to a taxpayer, who neglects or refuses to pay any tax after demand plus interest, penalties and costs. 26 U.S.C. § 6321. Defendant Evans' service by publication, pursuant to 28 U.S.C. § 1655, does not preclude the government from adjudication "affect[ing] only the property which is the subject of the action." *Dyal*, 460 F.2d at 685. Furthermore, the Supreme Court has held that a 26 U.S.C. § 7403 sale of property to satisfy tax liabilities of delinquent taxpayers is an *in rem* proceeding. *United States v. Rodgers*, 461 U.S. 677, 695, 702, 103 S.Ct. 2132, 2143, 2147, 76 L.Ed.2d 236 (1983).

■ The United States memorandum clarifies that the liens that it holds against John C. Schrenker, the original trustee, and succeeding trustees are nominee liens. Such liens protect the interest of the government when a taxpayer places property in the name of another party in order to evade or to avoid tax consequences. "[W]here a taxpayer disposes of property prior to the existence of federal tax liens, the United States may seek relief under the applicable fraudulent conveyance laws of the particular state in which the property and taxpayer are located." *Ressler*, 433 F.Supp. at 463; *FDIC*, 654 F.Supp. at 807; *Hoffman*, 643 F.Supp. at 349; *see Commissioner v. Stern*, 357 U.S. 39, 42–45, 78 S.Ct. 1047, 1049–51, 2 L.Ed.2d 1126 (1958); *R.G. Cope, Jr., Inc. v. Commissioner*, 781 F.2d 852, 854 (11th Cir.1986); *United States v. Kaplan*, 277 F.2d 405, 408–09 (5th Cir. 1960). If the disposition of property is found to be a fraudulent conveyance, then the conveyance is vitiated, the taxpayer remains responsible for the tax liability, and the government may foreclose its liens to satisfy the taxpayer's indebtedness. *See Hoffman*, 643 F.Supp. 346; *United States v. Morgan*, 554 F.Supp. 582 (D.Colo.1982); *United States v. Wilson*, 500 F.Supp. 831 (N.D.Tex.1980); *Ressler*, 433 F.Supp. 459. "[T]he use of the power granted by § 7403 is not the act of an ordinary creditor, but the exercise of a sovereign prerogative, incident to the power to enforce the obligations of the delinquent taxpayer himself, and ultimately grounded in the constitutional mandate to 'lay and collect taxes.'" *Rodgers*, 461 U.S. at 697, 103 S.Ct. at 2144.

■ In its October 15, 1987 order, the court analyzed its reasons for concluding that defendants/taxpayers' October 21, 1977 conveyance of the subject home and property into an irrevocable trust for their children with Schrenker as trustee was void as violative of judicial orders and as a fraudulent conveyance. The court incorporates those analyses herein. There were specific "indicia or 'badges' of fraud" that determined the court's conclusion of fraudulent conveyance. *Cleveland Trust Co. v. Foster*, 93 So.2d 112, 114 (Fla.1957); *United States v. Fernon*, 640 F.2d 609, 613 (5th Cir. Unit B 1981); *see* Fla.Stat. § 726.01 (1977).

Defendants Evans and Adams had been convicted of medicare fraud in a 1976 criminal proceeding, they faced incarceration terms, they had existing and foreseeable

tax and debt liability, and they realized that civil proceedings were imminent. Trustee Schrenker testified that defendants/taxpayers desired to conceal their assets from potential liability. Furthermore, the lack of consideration for transferring the mortgage deed to Schrenker is an admitted, undisputed fact, and he agreed at trial that the conveyance was a sham. "[U]nder Florida law a conveyance without consideration by one who is indebted is presumptively fraudulent, regardless of the actual intent of the transferor." *Ressler*, 433 F.Supp. at 464; *Ostend Realty Co. v. Biscayne Realty & Insurance Co.*, 99 Fla. 1221, 128 So. 643, 645 (1930); *cf. Miele v. United States*, 637 F.Supp. 998, 1000 (S.D. Fla.1986); *Scoville v. Scoville*, 40 So.2d 840, 842–43 (Fla.1949); *Green v. Casper*, 346 So.2d 1204, 1205 (Fla.3d DCA) (per curiam), *cert. denied*, 353 So.2d 675 (Fla. 1977) (Marriage provides sufficient consideration to prevent setting aside transfer of taxpayer's real property pursuant to a prenuptial agreement as a fraudulent conveyance.).

The subject house and property have been represented to the court as being abandoned. Even if the house and premises were homestead property, 26 U.S.C. § 6334(a) and (c), which respectively list property exempt from federal tax liens and preclude all other property from exclusion, provide no exception for homestead property. *United States v. Mitchell*, 403 U.S. 190, 204–05, 91 S.Ct. 1763, 1771, 29 L.Ed.2d 406 (1971); *Hoffman*, 643 F.Supp. at 349. "[T]he ... homestead exemption does not erect a barrier around a taxpayer's home sturdy enough to keep out the Commissioner of Internal Revenue." *United States v. Estes*, 450 F.2d 62, 65 (5th Cir.1971); *see Rodgers*, 461 U.S. at 700–02, 103 S.Ct. at 2146–47. The court notes that the equitable considerations, which the Supreme Court contemplates may cause a district court not to authorize a forced sale pursuant to § 7403, are not present in this action. *Rodgers*, 466 U.S. at 709–11, 103 S.Ct. at 2150–52.

Because defendants/taxpayers' conveyance of the subject property is void, by operation of 26 U.S.C. § 6321, the government's tax liens attach to the subject real property located at 300 Partridge Lane, Longwood, Seminole County, Florida, more particularly described as:

Lot 1, Block B, THE SPRINGS, according to the Plat thereof as recorded in Plat Book 16, Pages 9 through 11, Public Records of Seminole County, Florida.

The federal tax liens against defendants/taxpayers may be foreclosed by a sale of the above described property in accordance with 26 U.S.C. § 7403 and with the parties' agreed modification pursuant to 28 U.S.C. § 2041, which is addressed below. The United States tax liens take precedence over the Springs liens pursuant to 26 U.S.C. § 6323(a) as discussed herein.

Therefore, the United States shall recover its tax assessments, interest, costs, and penalties from the sale of the subject property before Springs may recover its liens. 26 U.S.C. § 6321. In the event that the proceeds from the sale of the property are insufficient to satisfy the government's claims, the United States shall have a deficiency judgment for any government indebtedness remaining unsatisfied. The government shall prepare the judgment, which shall state with particularity the assessments, costs, penalties and interest under 26 U.S.C. § 6601 to which it is entitled. The United States shall submit the judgment within fifteen (15) days from the date of this order.

In their joint motion to sell the subject property and to deposit the proceeds in the registry of the court, the United States and Springs have requested an expeditious sale of the vacant residence and property in order to prevent further decline in property value. The parties also agree that a private sale would maximize the sales price of the property and ask that such a sale occur through a local realtor and that the proceeds of this sale, less reasonable sales expenses, be deposited in the registry of the court pending final judgment. Pursuant to 28 U.S.C. § 2041, the court will permit the private sale of the subject property with the proceeds, less reasonable sales expenses, to be deposited in the regis-

try of the court pending final judgment in this case.