**Sara Joy MILITELLO, Plaintiff,**

v.

**Michael W. BARDELL, a/k/a M. Barr, Mike Barr, M. Bardell, in his Official Capacity as Revenue Officer with the Internal Revenue Service and the United States of America, Defendants.**

**No. 96–2249–CIV–T–17C.**

United States District Court,
M.D. Florida,
Tampa Division.

July 10, 1997.

---

Sara Joy Militello, Tampa, FL, pro se.

Karen Davis Miller, U.S. Dept. of Justice, Trial Attorney, Tax Div., Washington, DC, for Defendants.

## ORDER ON MOTION TO DISMISS AND MOTION FOR SUMMARY JUDGMENT

KOVACHEVICH, Chief Judge.

This cause is before the Court on the following motions and responses:

Defendants' Motion to Dismiss (Dkts. 7, 8)

Plaintiff's Motions for Summary Judgment (Dkts. 11, 14)

Defendants' Opposition to Plaintiff's Second Motion for Summary Judgment (Dkt. 16)

Plaintiff's Response to Defendants' Opposition to Plaintiff's Motion for Summary Judgment (Dkt. 13).

I. Standard of Review

This Court must read Plaintiff's pro se allegations in a liberal fashion. *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Plaintiff's complaint should not be dismissed for failure to state a claim unless it appears beyond a reasonable doubt that Plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–

02, 2 L.Ed.2d 80 (1957). A trial court, in ruling on a motion to dismiss, is required to view the complaint in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). The allegations in the complaint should be taken as admitted by Defendants and liberally construed in favor of the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421, 89 S.Ct. 1843, 1848–49, 23 L.Ed.2d 404 (1969).

## II. Statement of Facts

The Internal Revenue Service ("IRS") made assessments against Plaintiff for tax liabilities for the tax years of 1987, 1988, 1989, and 1990.

On August 14, 1995, Defendant, Revenue Officer Mike Barr, filed with the Hillsborough County Official Records a notice of Federal Tax Lien on Plaintiff's property for the unpaid tax balances from 1987 to 1990. Plaintiff, the paramount owner of the property, held a fee simple title to the real property at issue in Hillsborough County, Florida.

Plaintiff maintains that the United States must seek a judicial sale of the property to foreclose a Federal Tax Lien under 28 U.S.C. § 2410.

On April 25, 1996, Plaintiff alleges that Mike Barr, in his official capacity, violated the law when he offered Plaintiff's homestead property at a public auction for sale to a third-party bidder for $14,100. Defendant, Mike Barr, sold the property subject to a prior mortgage from Meritor Savings Bank. Plaintiff alleges that her property is exempt from a forced sale under Article 10, Sec. 4(a) of the Florida Constitution.

Plaintiff asserts that Article 4, Sec. 4(a) of the Florida Constitution provides three provisions under which a lien may be recorded and enforced against a homestead property. They include a mechanic's lien, property tax, and money purchase mortgage.

Plaintiff further maintains that Defendant, Mike Barr, acted wrongfully, fraudulently, and without legal authority in the filing a notice of lien, seizing and selling Plaintiff's homestead property.

Accordingly, Plaintiff requests this Court to set aside the sale of her "homestead property" as void, and return the property to Plaintiff.

## III. The Government's Motion to Dismiss

### A. Defendant Mike Barr

■ Defendants, the United States of America, (hereinafter, "the Government") claim that a suit against IRS employees in their official capacity is a suit against the United States. Since Mike Barr is a Revenue Officer with the IRS, the Government argues that Mike Barr should be dismissed as a Defendant in this action.

The Court agrees with the Government's contention that this is a suit against the United States. The Court therefore grants the Government's motion to dismiss Mike Barr as a defendant in this action. *Rosado v. Curtis*, 885 F.Supp. 1538, 1542 (M.D.Fla. 1995), *aff'd* 84 F.3d 437 (11th Cir.1996), *cert. denied* —— U.S. ——, 117 S.Ct. 689, 136 L.Ed.2d 612 (1997).

### B. Immunity As To The United States

The Government asserts that the doctrine of sovereign immunity bars any lawsuits against the United States. Further, a party cannot sue the United States without its consent. *See United States v. Dalm*, 494 U.S. 596, 608, 110 S.Ct. 1361, 1368, 108 L.Ed.2d 548 (1990); *United States v. Sherwood*, 312 U.S. 584, 586, 61 S.Ct. 767, 769–70, 85 L.Ed. 1058 (1941). The Government further alleges that "the waiver of the United States' immunity from suit must be strictly construed, unequivocally expressed, and cannot be implied." *United States v. King*, 395 U.S. 1, 4, 89 S.Ct. 1501, 1502–03, 23 L.Ed.2d 52 (1969).

In Plaintiff's Complaint (Dkt.1), Plaintiff alleges that this Court has subject matter jurisdiction of her claims pursuant to 28 U.S.C. §§ 1346(a)(1), 2410(c), and 7804(b). The Court considers these sections below.

#### 1. Section 1346

■ With respect to the 28 U.S.C. § 1346(a)(1), this Court has held that § 1346(a)(1) applies to tax refund cases only. Also, the Court requires the taxpayer to pay

the tax assessment before challenging the validity of § 1346(a)(1) in court. *Rosado,* 885 F.Supp. at 1542. In this case, Plaintiff is not seeking a tax refund, but is seeking instead to have the sale of her home set aside. *See Young v. I.R.S.,* 596 F.Supp. 141, 147 (N.D.Ind.1984) (stating that the Government reserves its immunity regarding claims arising out of tax assessment and collection). As to Section 1346, the Court finds that sovereign immunity bar this case.

### 2. Sections 2410(c) and 7804(b)

Under 28 U.S.C. § 2410, "the United States may be joined as a party to a quiet title action affecting property upon which it claims a lien." *Erickson v. United States,* 780 F.Supp. 733, 736 (W.D.Wash.1990), *aff'd* 952 F.2d 1399 (9th Cir.1992). *See also MacElvain v. United States,* 867 F.Supp. 996, 1003 (M.D.Ala.1994) (stating that the purpose of a quiet-title action § 2410 is to "determine who owns the title to the real or personal property over which the United States has asserted some interest").

■ While it is true that § 2410 waives sovereign immunity as to actions contesting the procedural validity of a tax lien, Section 2410 does not apply to Plaintiff's claim. At the time when Plaintiff commenced this action, the Government no longer had a lien interest in the property at issue. Since the Government had already sold the property prior to the filing of the suit, and no longer claimed any interest in the property, § 2410 does not apply. *Bay Savings Bank, F.S.B. v. I.R.S.,* 837 F.Supp. 150, 153 (E.D.Va.1993); *Hughes v. United States,* 953 F.2d 531, 538 (9th Cir.1992). Finally, " § 2140 should not be read to provide a means of disturbing a sale long since final." *Erickson,* 780 F.Supp. at 736.

With respect to 28 U.S.C. § 7804(b) as basis for jurisdiction, no such section exists.

This Court therefore concludes that neither § 2410(c) nor § 7804(b) contains a waiver of sovereign immunity that is applicable to this case. As stated above, these sections do not provide a basis for the Court to exercise subject matter jurisdiction of Plaintiff's claim against the Government.

### C. Florida's Homestead Exemption

The Government alleges that the IRS has authority to seize and sell Plaintiff's homestead property to satisfy a federal tax lien. The Government relies on 26 U.S.C. § 6331(a) and (b).

Section 6331(a) and (b) provide:

(a) AUTHORITY OF SECRETARY. If any person liable to pay any tax neglects or refuses to pay the same within 10 days after notice and demand, it shall be lawful for the Secretary to collect such tax by levy upon all property and rights to property (except such property as is exempt under Section 6334) belonging to such person or on which there is a lien provided in this Chapter for payment of such tax ...

(b) SEIZURE AND SALE OF PROPERTY. The term "levy" as used in this title includes the power of distraint and seizure by any means. Except as otherwise provided in this subsection (e), a levy shall extend only to property possessed and obligations existing at the time thereof. In any case in which the Secretary may levy on property or rights to property, he may seize and sell such property or rights to property (whether real or personal, tangible or intangible).

■ Plaintiff argues that her residential property is a homestead property, and is therefore exempt from the forced sale by the IRS. Article 10, Section 4(a) of the Florida's Homestead Exemption Statute is inapplicable here. A party cannot use a state's homestead exemption statute against the United States in its attempt to enforce a federal tax lien. *United States v. Rodgers,* 461 U.S. 677, 700, 103 S.Ct. 2132, 2146, 76 L.Ed.2d 236 (1983).

Additionally, this Court has consistently held that 26 U.S.C. § 6334(a) and (c) do not provide an exception for homestead property. *Thompson v. Adams,* 685 F.Supp. 842, 846 (M.D.Fla.1988). *See also United States v. Mitchell,* 403 U.S. 190, 204–05, 91 S.Ct. 1763, 1771–72, 29 L.Ed.2d 406 (1971); *United States v. Estes,* 450 F.2d 62, 65 (5th Cir.1971) (stating that the homestead exemption does not erect a barrier around a taxpayer's home

sturdy enough to keep out the Commissioner of Internal Revenue).

 further contends that a judicial foreclosure was necessary to sell her property. However, the administrative levy provided for in § 6331 does not require any judicial intervention. *Rodgers,* 461 U.S. at 682–83, 103 S.Ct. at 2136–37. The Court therefore grants the Government's motion to dismiss Plaintiff's Florida Homestead Exemption claim.

## IV. Summary Judgment

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). "The substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of a summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510. The moving party bears the burden of proving that no genuine issue of material facts exists. *Celotex Corp. v. Catrett,* 477 U.S. 317, 324–25, 106 S.Ct. 2548, 2553–54, 91 L.Ed.2d 265 (1986).

In determining whether a material fact exits, the Court must consider all evidence in the light most favorable to the non-moving party. *Sweat v. The Miller Brewing Co.,* 708 F.2d 655 (11th Cir.1983). All doubt as to the existence of a genuine issue of material fact must be resolved against the moving party. *Anderson,* 477 U.S. at 255, 106 S.Ct. at 2513–14.

## I. Immunity As To Defendant Mike Barr

Plaintiff alleges that Defendant, Mike Barr, was acting in bad faith in his official capacity as an IRS agent. Plaintiff further alleges that Defendant, Mike Barr, willfully and knowingly filed a Federal Tax Lien on Plaintiff's residential property. Plaintiff cites to *Larson v. Domestic & Foreign Commerce Corporation,* 337 U.S. 682, 69 S.Ct. 1457, 93 L.Ed. 1628 (1949) as *support for her* claim. In *Larson,* the United States Supreme Court held that "an officer of the government [who] wrongfully takes or holds specific property to which Plaintiff has title then his taking or holding is a tort, and 'illegal' as a matter of general law, whether or not it be within his delegated powers." *Larson,* 337 U.S. at 692, 69 S.Ct. at 1462.

The above case is inapplicable to the instance case, i.e., the United States does have a legitimate lien against Plaintiff's property. *See* Plaintiff's Complaint (Dkt.1), Ex. # 3 and Ex. # 5.

██ Additionally, this Court agrees with the Government's contention to drop Mike Barr as a defendant in this action. *See Rosado,* 885 F.Supp. at 1542. Even if Defendant Mike Barr should remain as a defendant in this action, he is still entitled to qualified immunity. *Id.* at 1543. As submitted in Plaintiff's Affidavit (Dkt.21), Ex. # 2 and Ex. # 3 clearly show that Defendant, Mike Barr, was acting within his discretionary authority as an IRS agent at the time when he filed a Federal Tax Lien on Plaintiff's homestead property. Accordingly, the Court finds Defendant Mike Barr is entitled to qualified immunity.

## II. Sovereign Immunity

Plaintiff also claims that the Government should not be entitled to sovereign immunity because it failed to respond to Plaintiff's request for the "release of levy" of her property. As stated above, the Government is not subject to 28 U.S.C. § 2410 since at the time when Plaintiff commenced this action, the United States no longer claimed a lien or a mortgage on Plaintiff's property. *Hughes,* 953 F.2d at 538. See Defendants' Opposition to Plaintiff's Second Motion for Summary Judgment (Dkt.16), Ex. # 1.

██ Plaintiff further argues that the Government puts forth a false assertion in its Motion to Dismiss (Dkt. 7 and Dkt. 8). Plaintiff asserts that at the time when the Government filed its motion to dismiss, the

Government still had an ownership interest in the property at issue. Plaintiff points to the issuance date of the Deed of Real Estate on January 8, 1997. Since the Government filed its Motion to Dismiss on January, 6, 1997, which was before the issuance date of the Deed, Plaintiff contends that the Government still claimed an interest in Plaintiff's homestead property.

The Government claims that it could not issue a Deed of Real Estate at the time of sale in June 1996. Instead, it had to wait 180 days after the date of sale to give Plaintiff the opportunity to redeem the property under 26 U.S.C. § 6337. During this 180-day period, the United states no longer retained any interest in the sold property.

This Court agrees with the Government's contention that at the time when the Government sold Plaintiff's homestead property on June 5, 1996, it ceased to retain any interest in the property during the 180-day period. The fact that the county did not issue a Deed of Real Estate until January 6, 1997 is consistent with the 180-day requirement under 26 U.S.C. § 6337. This Court denies Plaintiff's Motion for Summary Judgment under the sovereign immunity claim.

III. Florida Homestead Exemption Claim

Plaintiff cites *Meyer v. United States,* 375 U.S. 233, 84 S.Ct. 318, 11 L.Ed.2d 293 (1963) to support her position that "property and rights to property" are measured by policy contracts as enforced by applicable state law. The Supreme Court in *Meyer* states that "absent a lien, recovery of federal income taxes can be had only to the extend applicable state law permits such recovery." *Meyer,* 375 U.S. at 236, 84 S.Ct. at 320.

This Court finds Plaintiff's argument unavailing. In this case, the United States did place a lien on Plaintiff's property for back taxes owed. Plaintiff contradicts herself when she alleges that the United States still "claims a lien or mortgage on her property" in defeating the Government's sovereign immunity claim. At the same time, Plaintiff claims that the United States cannot place a lien on her residential property because it is homestead property. *See* Plaintiff's Response to Defendants' Opposition to Plain-

tiff's Motion for Summary Judgment (Dkt.13), pp. 3–8.

Plaintiff also relied on *City of Tampa for Use and Benefit of City of Tampa Code Enforcement Bd. v. Braxton,* 616 So.2d 554 (Fla. 2d DCA 1993) to support her contention that homestead property is not subject to lien or "notices of lien" by any person.

The Supreme Court has held that "the relative priority of federal tax liens is always a federal question to be determined finally by the federal courts." *United States v. Acri,* 348 U.S. 211, 213, 75 S.Ct. 239, 241, 99 L.Ed. 264 (1955); *United States v. Security Trust & Savings Bank of San Diego,* 340 U.S. 47, 49, 71 S.Ct. 111, 112–13, 95 L.Ed. 53 (1950). Plaintiff's reliance on state law authority is inapplicable here.

Finally, as stated above, Florida's Homestead Exemption statute does not prevent a federal tax lien from attaching to Plaintiff's property. *Thompson,* 685 F.Supp. at 842. For the reasons stated, the Court denies Plaintiff's Motion for Summary Judgment on the Florida Exemption Claim. Accordingly, it is

**ORDERED** that Defendants' Motion to Dismiss (Dkt.7) is **granted,** and Plaintiff's Motions for Summary Judgment (Dkt. 11 and Dkt. 14) is denied. The Clerk of Court shall enter a final judgment of dismissal.