KOMASINSKI, Thomas E.; Weisberg, Shelly; Lambert, Donald; Mertz, Robert; and First Amendment Foundation

v.

The INTERNAL REVENUE SERVICE; Kissel, Frank S., District Director of the Internal Revenue Service; Crocker, James A., Internal Revenue Agent; Van Wormer, Bernard; Internal Revenue Agent; Flitcher, Lori; United States Steel Corporation, Bodfish, J.M.; Golub, Steve, The Police Chief of the Merrillville Police Department; Police Sargent Taylor; Officer Bunnell; Commander of the Indiana State Police; Sheriff Anton, Sheriff of Lake County, Indiana; Steves Towing; Orr, Robert, Governor of the State of Indiana; Regan, Donald, Secretary of the Treasury of the United States; Reagan, Ronald, President of the United States of America.

Civ. No. 483–361.

United States District Court,
N.D. Indiana,
Hammond Division.

June 6, 1984.

Thomas E. Komasinski, Shelly Weisburg, Donald Lambert, Robert Mertz, First Amendment Foundation, plaintiffs pro se.

Ronald F. Fischer, Trial Atty., Tax Div., Dept. of Justice, Washington, D.C., Lawrence Steele, Jr., U.S. Atty., Hammond, Ind., Edward H. Feldman, Highland, Ind., Robert B. Wente, Deputy Ind. Atty. Gen., Indianapolis, Ind., Charles A. Myers, Hammond, Ind., for defendants.

## ORDER

MOODY, District Judge.

This cause is before the Court on five Motions to Dismiss filed by defendants in this action.[1] Because the various motions raise many of the same issues, the Court will consider them as presenting a single challenge to the merits of the claim presented in plaintiffs' complaint; specifically, the Court will determine whether this action should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failing to state a claim upon which relief can be granted.

On June 2, 1983 the plaintiffs filed a complaint asserting a cause of action for damages under 42 U.S.C. § 1983, 42 U.S.C. § 1985(3), 42 U.S.C. § 1986 and 42 U.S.C. § 1988. Plaintiffs seek an award of $300,-000,000.00 in compensatory damages and an award of $200,000,000.00 in punitive

---

1. On June 28, 1983 defendant United States Steel Corporation filed a motion to dismiss the claim against it pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendant Steve Golub filed an identical motion on the same day. It was also on June 28, 1983 that defendant J.M. Bodfish filed a motion to dismiss the action against him under Rule 12(b)(2) of the Federal Rules of Civil Procedure for lack of personal jurisdiction. On July 13, 1983 defendants Robert Orr, Governor of the State of Indiana, and the Commander of the Indiana State Police filed their motion to dismiss the claims against them pursuant to Rule 12(b)(6)

of the Federal Rules of Civil Procedure. And on October 3, 1983 the United States Department of Justice filed a Motion to Dismiss or in the Alternative for Summary Judgment; this motion was filed on behalf of the seven "federal defendants" in this action. These federal defendants include the Internal Revenue Service, District Director Frank S. Kissel, Revenue Agents James A. Crocker, Bernard Van Wormer and Lee Fletcher, Secretary of the United States Treasury Donald Regan and President of the United States Ronald Reagan. (Defendant Lee Fletcher is incorrectly identified as Lori Flitcher in the complaint.)

damages for what they characterize as violations of rights secured by the Constitution and laws of the United States of America.

The facts involved in this action are relatively simple: Plaintiff Komasinski was an employee of the United States Steel Corporation. Despite having paid his federal taxes for tax year 1979, Komasinski did not file federal tax returns for the tax years 1980 and 1981. Indeed, on several occasions throughout this period Komasinski filed, via his employer, W–4 forms claiming exemption from federal tax withholding. The Internal Revenue Service ("IRS") investigated Komasinski's exemption claims and rejected them, in July, 1982, the IRS assessed a $500.00 penalty for making statements which result in a decrease in the amount of taxes withheld when there is no reasonable basis for those statements.[2]

The IRS sent Komasinski notices of the assessment and demands for payment thereof on July 12, 1982 and again on January 31, 1983. Komasinski did not respond. The account for collection of the assessment was assigned by Revenue Officer Van Wormer, who determined that Komasinski owned a 1972 Ford van that was free of liens against it. Van Wormer recommended that the van be seized pursuant to 26 U.S.C. § 6331 to satisfy the penalty assessment.

On March 7, 1983 Van Wormer and Revenue Officer Lee Fletcher arrived at Komasinski's residence and seized the van in question with the assistance of a private towing service named as a defendant in this action. The officers served Komasinski with a levy outlining the IRS's authority to seize personal property and with a notice of seizure that identified the van as the particular property being seized. The actions of the IRS officers were at all times in accordance with established IRS procedures for the seizure of personal property.[3]

Komasinski, who characterizes the officers' actions as committing "the inexcuesable [sic] Act of Breaking Gods [sic] Law, The Seventh Commandment, Thou Shalt Not Steal," contacted both the state and local police forces, requesting that they stop the IRS' removal of the van. Both police forces declined to interfere, which has resulted in their being named as defendants in this action.

This action was brought by Komasinski to redress what he characterizes as violations "of his First Amendment Rights, his Fifth Amendment Rights, his 13th Amendment Rights, and his 14th Amendment Rights." Komasinski complains that he was deprived of these rights and of rights "secured to him by the ... *Magna Charta* " without "*Due Process of Law.*"[4] The

---

**2.** A tangential claim asserted by the plaintiffs is that the July, 1982 penalty assessment was an ex post facto law in violation of Article I, Section 9, Clause 3 of the Constitution of the United States of America. This is not, in fact, correct: 26 U.S.C. § 6682 was amended in 1981 to raise the civil penalty for providing false information concerning withholding allowances; the amendment raised the penalty from $50.00 to $500.00. Pub.L. 97–34, Title VII, § 721(a), August 13, 1981. The amendment applied "to acts and failure to act after December 31, 1981." Pub.L. 97–34, Title VII, § 721(d); 1981 U.S.Code Cong. & Adm.News 191. Affidavits submitted on behalf of the motion by the federal defendants establish that the $500.00 penalty was assessed for a W–4 form signed by Komasinski and dated January 26, 1982. Though the affidavits indicate that the assessment was prompted by the fact that Komasinski had "a history of past W–4 examination activity," it was imposed for "acts ... after December 31, 1981."

**3.** Much of this account is drawn from affidavits submitted with the motion filed by the federal defendants. Affidavits are included from Bernard Van Wormer, Thomas P. Bixler, James A. Crocker, Ronald G. Frey, Frank S. Kissel, Stephen C. Green and Lee Fletcher. In ruling upon a motion to dismiss pursuant to Rule 12 of the Federal Rules of Civil Procedure, the court may "receive and weigh affidavits." *Nelson by Carson v. Park Industries, Inc.,* 717 F.2d 1120, 1123 (7th Cir., 1983), cert. denied — U.S. —, 104 S.Ct. 1278, 79 L.Ed.2d 682. Reliance upon such affidavits is particularly appropriate when, as is true here, there is no particular dispute over the operative facts giving rise to the action.

**4.** The status of the other four plaintiffs is more mysterious: Weisberg and Mertz' presence seems to be founded on several vague assertions that they had "personal property" in Komasinski's van at the time it was seized. There is no indication as to what this property was; nor is there any indication that Weisberg or Kelly ei-

Court finds, however, that the conclusory, rhetorical assertions in the complaint do not present a cognizable cause of action, so that this action must be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

The complaint purports to state an action cognizable under 42 U.S.C. § 1983, 42 U.S.C. § 1985(3), 42 U.S.C. § 1986 and 42 U.S.C. § 1988. 42 U.S.C. § 1985(c) creates a cause of action for victims of a conspiratorial denial of civil rights; to state a cause of action under 42 U.S.C. § 1985(c), the complaint must allege that the acts complained of were the product of racial or class-based animus. *Dunn v. State of Tennessee*, 697 F.2d 121 (6th Cir., 1982), cert. denied 460 U.S. 1086, 103 S.Ct. 1778, 76 L.Ed.2d 349; *Creative Environments, Inc. v. Estabrook*, 680 F.2d 822 (1st Cir., 1982); cert. denied 459 U.S. 989, 103 S.Ct. 345, 74 L.Ed.2d 385; *Rachuy v. Murphy Motor Freight Lines, Inc.*, 663 F.2d 57 (8th Cir., 1981). A complaint that does not contain such allegations will be dismissed, either under Rule 12(b)(6) or Rule 12(b)(3) of the Federal Rules of Civil Procedure. *Howard v. Lemmons*, 547 F.2d 290 (5th Cir., 1977); *Angola v. Civiletti*, 666 F.2d 1 (2d Cir., 1981); *Earnest v. Lowentritt*, 690 F.2d 1198 (5th Cir., 1982). Because the complaint herein contains no such allegations, the 42 U.S.C. § 1985(3) claim is unsupportable and will be dismissed.

No claim lies under 42 U.S.C. § 1986 in the absence of a valid claim under 42 U.S.C. § 1985. *Williams v. St. Joseph Hospital*, 629 F.2d 448 (7th Cir., 1980); *Mollnow v. Carlton*, 716 F.2d 627 (9th Cir., 1983). Therefore, dismissal of the 42 U.S.C. § 1985(3) claim also requires dismissal of the 42 U.S.C. § 1986 claim. An award of attorneys' fees under 42 U.S.C. § 1988 is dependent upon the suc-cessful prosecution of an action under 42 U.S.C. § 1983. *Moor v. Alameda County, Cal.*, 411 U.S. 693, 93 S.Ct. 1785, 36 L.Ed.2d 596 (1973), rehearing denied 412 U.S. 963, 93 S.Ct. 2999, 37 L.Ed.2d 1012; *Collins v. Chandler Unified School Dist.*, 644 F.2d 759 (9th Cir., 1981); *Larsen v. Sielaff*, 702 F.2d 116 (7th Cir., 1983). Therefore, whether the complaint can present a claim cognizable under 42 U.S.C. § 1988 depends upon the merits of the claim asserted under 42 U.S.C. § 1983.

42 U.S.C. § 1983 provides a cause of action for any person deprived of rights secured by the Constitution or laws of the United States so long as that deprivation took place "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983 applies only to deprivations effected under the authority of state law; it does not apply to acts of a defendant done under the authority of federal law. *Gomez v. Toledo*, 446 U.S. 635, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980); *Glaros v. Perse*, 628 F.2d 679 (1st Cir., 1980); *Hubbert v. U.S. Parole Commission*, 585 F.2d 857 (7th Cir., 1978); *City of Milwaukee v. Saxbe*, 546 F.2d 693 (7th Cir., 1976); *Smith v. U.S. Civil Service Commission*, 520 F.2d 731 (7th Cir., 1975). *See Monroe v. Pape*, 365 U.S. 167, 172–188, 81 S.Ct. 473, 476–484, 5 L.Ed.2d 492 (1961) (discussion of legislative history of 42 U.S.C. § 1983 and of purpose of the provision). When a complaint fails to allege a deprivation effected under color of state law, it must be dismissed for failure to state a claim under 42 U.S.C. § 1983. *Glaros v. Perse*, 628 F.2d 679 (1st Cir., 1980).

The present action includes a great number of defendants with varying degrees of involvement in the conduct forming the basis of the complaint; these de-

---

ther requested the return of their property or pursued their legal remedies for its return under 26 U.S.C. § 7426.

No explanation is offered for the presence of Donald Lambert or of the First Amendment Foundation as plaintiffs in this action. And it is particularly doubtful whether the latter entity is an appropriate party to an action such as this. *See Alabama Educational Association v. Wallace*, 362 F.Supp. 682, 684–685 (M.D.Ala., 1973). However, since the Court finds that the entire action is subject to dismissal for failure to state a cognizable legal claim, these discrete legal defects will not be addressed in this Order.

**978**

fendants are most easily considered if they are grouped according to their involvement. The first group of defendants consists of IRS employees involved in the assessment of the penalty against Komasinski and in the seizure of the van; the second group of defendants consists of employees of United States Steel who were involved in the processing of Komasinski's false W–4 claims. The third group, of marginal involvement, includes the employees of the towing service engaged to seize Komasinski's van for the IRS. The fourth group of defendants is comprised of the various police officers who refused to intervene in the seizure. And the fifth and final group consists of two government officials, Secretary of the Treasury Regan and President Reagan, who were, apparently named as symbolic representatives of the IRS and the system that sponsors it.[5]

It is very clear, indeed, undisputed, that all these defendants, whatever their degree of involvement in the scenario of which Komasinski complains, were acting under color of federal law. Specifically, all the actions decried in the complaint were taken under the express authorization of the federal tax laws, Title 26 of the United States Code.

Therefore, all the acts complained of in this action were carried out under color of federal law. Because these actions were carried out under color of federal law, 42 U.S.C. § 1983 does not apply. Therefore, the complaint fails to state a cause of action cognizable under 42 U.S.C. § 1983; for that reason, the claim will be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure. And since no action exists under 42 U.S.C. § 1983, there can be no action under 42 U.S.C. § 1988; that claim will also be dismissed.[6]

For all the above reasons, plaintiff's action will be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. *See Zernial v. United States,* 714 F.2d 431 (5th Cir., 1983) (affirming sua sponte dismissal of 42 U.S.C. § 1983 suit against IRS for withholding of taxes from wages; dismissal entered for failure to state a claim).

Only the motion filed by the federal defendants requests an award of costs and attorney fees incurred in defending this action.

Rule 54(d) of the Federal Rules of Civil Procedure permits the court to award costs "to the prevailing party" in an action. Such an award is a matter within the trial court's sound discretion. *Marcus v. National Life Ins. Co.,* 422 F.2d 626 (7th Cir., 1978); *Clark v. Universal Builders, Inc.,* 501 F.2d 324 (7th Cir., 1974), cert. denied 419 U.S. 1070, 95 S.Ct. 657, 42 L.Ed.2d 666; *State of Illinois v. Sangamo Const. Co.,* 657 F.2d 855 (7th Cir., 1981). When an action has been dismissed for failure to state a claim, the defendant is the prevailing party. 6 J. Moore, W. Taggart & J. Wicker, *Moore's Federal Practice* ¶ 54.-70[4]; *Wainwright Securities, Inc. v. Wall Street Transcript Corp.,* 80 F.R.D. 103 (S.D.N.Y., 1978).

"The American rule concerning attorneys fees is that fees generally are not awarded absent statutory authorization." *Benner v. Negley,* 725 F.2d 446, 449 (7th Cir., 1984). Defendants concede that there is no statute directing an award of costs and attorneys' fees in this action. But defendants rely upon an exception to the so-called American rule: "The exception relevant to this case is that a district court may award fees when the losing litigant has 'acted in bad faith, vexatiously, wan-

---

**5.** Apparently, neither Secretary Regan nor President Reagan has been served with process in this action, a disability they share with defendant Kissel.

**6.** There is some language in the complaint indicating that plaintiffs allege causes of action under state law over which they assert that this Court has pendant jurisdiction. These actions

are not addressed separately for two reasons: (1) They are never clearly formulated; and (2) Even if one assumes their existence as viable entities, the dismissal of the federal claims deprives the court of any possible pendant or ancillary jurisdiction in this matter. *Johnson v. Miller,* 680 F.2d 39, 40–41 (7th Cir., 1982).

tonly, or for oppressive reasons.'" 725 F.2d at 449, quoting *Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 258–259, 95 S.Ct. 1612, 1622, 44 L.Ed.2d 141 (1975). *See also F.D. Rich Co. v. Industrial Lumber Co.,* 417 U.S. 116, 129, 94 S.Ct. 2157, 2165, 40 L.Ed.2d 703 (1974) and *McCandless v. Great Atlantic and Pac. Tea Co., Inc.,* 697 F.2d 198, 200 (7th Cir., 1983). When a litigant has acted in bad faith, it is within the "inherent authority" of the court to award costs and attorneys' fees incurred as a consequence of that bad faith. 421 U.S. at 259, 95 S.Ct. at 1622; 725 F.2d at 449.

Such an award is appropriate only if "the litigant who filed the claim ... acted in subjective bad faith, and ... the claim ... was unsupported by probable cause." *Badillo v. Central Steel & Wire Co.,* 717 F.2d 1160, 1165 (7th Cir., 1983). Bad faith has been defined as conduct "'without at least a colorable basis in law.'" 725 F.2d at 449, citing *Analytica, Inc. v. NPD Research, Inc.,* 708 F.2d 1263, 1269 (7th Cir., 1983). Therefore, to warrant an award of attorney fees, there must be evidence that plaintiff filed an action with no colorable basis in the law; the Court finds that there is such evidence herein and that an award of costs and attorney fees is warranted.

Such an award is warranted by the glaring deficiencies apparent on even a casual inspection of the complaint; the complaint does not include factual premises for any of its conclusory assertions of violations of civil rights. Indeed, the facts alleged in the complaint do not differ markedly in any respect from the facts recounted in the affidavits of the IRS officers. From this factual isomorphism it is inferentially obvious that the impetus for the complaint was provided by factors other than the conduct of the IRS personnel and of the various parties who, intentionally or not, became associated with them in the plaintiffs' minds.

An indicia of the frivolity, and bad faith, responsible for the complaint is provided by its frequent lapses into ideological diatribes, as when it discusses "I.R.S. agents who are equivalent to N.K.V.D. agents of the Soviet Union, or, Gestapo agents of the German Government of the 1940's." This particular passage continues to describe President Reagan as a "Dictator" akin to "Joseph Stalin or Adolf Hitler who subjicated [sic] their people to the same economic slavery." From these and other passages contained in the fifty-three paragraphs of the Complaint, it is clear that this action was initiated for philosophical reasons, rather than because of a sincere belief that a right had been violated.[7]

Initiating a civil rights action as a mere pretext for securing a forum for the expression of certain philosophical beliefs is the antithesis of good faith. The civil rights statutes were intended to provide specific remedies for specific evils; they were not enacted to provide a vehicle for the expression of criticisms of the tax laws of the United States.

While this Court respects the plaintiffs' right to the free expression of their political and philosophical beliefs, it cannot countenance the initiation of pretextual causes of actions as mechanisms for the promotion of those beliefs. The Court finds inferential support for its conclusion that this was the purpose behind initiation of the present action in the character of one of the defendants, the no-doubt-aptly named First Amendment Foundation. The Court also finds it significant, in this regard, that plaintiff Komasinski made no effort to pursue the remedies available to him under Title 26 of the United States Code to challenge the penalty assessment and seizure of property effected thereto. *See generally Zernial v. United States,* 714 F.2d 431, 435 (5th Cir., 1983). From these and other facts in the record before it, the Court concludes that this action was initiated in bad faith and, therefore, warrants an

---

**7.** The pretextual nature of the action is further evidenced, inferentially, by the fact that the complaint seeks compensatory damages in the sum of $300,000,000.00 for the loss, in 1983, of a 1972 Ford van, a request that, at the very least, strains credulity to the point of collapse.

award of attorney fees and costs to those defendants forced to participate in it.

It is, therefore, ORDERED that defendants' motion to dismiss this action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure be and the same are hereby GRANTED; plaintiffs' claims under 42 U.S.C. § 1983, 42 U.S.C. § 1985(c), 42 U.S.C. § 1986 and 42 U.S.C. § 1988 are hereby DISMISSED.

It is also ORDERED that the federal defendants' motion for an award of costs and attorneys' fees is GRANTED. Defendants are to submit bills of costs and affidavits as to attorneys' fees within ten days from the date of receipt of this Order.

It is further ORDERED that the other defendants in this action may move for a similar award of costs and attorneys' fees within ten days from the date of receipt of this Order. Such motions are to be accompanied by bills of costs and affidavits in support of any claims advanced. The Court will rule upon such motions when, and if, they are submitted.