Elliott ROSADO, Omega Farris, Sherry Farris, & Gary Farris, Plaintiffs,

v.

Joseph V. CURTIS, Patricia E. Dorman, Roslyn A. Russell, Joe F. Roach, Margaret A. Weiss, Orland D. Smith, Dale F. Hart, John Doe # 1–10, & Jane Doe # 1–10, Defendants.

No. 94–0059–CIV–ORL–18.

United States District Court,
M.D. Florida,
Orlando Division.

Feb. 27, 1995.

Elliott Rosado, Clermont, FL, pro se.

Omega Farris, Clermont, FL, pro se.

Sherry Farris, Clermont, FL, pro se.

Gary Farris, Clermont, FL, pro se.

Robert L. Welsh, U.S. Dept. of Justice, Tax Div., Washington, DC, for Joseph V. Curtis, Patricia E. Dorman, Roslyn A. Russell, Orlan Smith, Margaret A. Weiss and Dale F. HART.

Robert E. Miller, Miller & Grace, P.A., Altamonte Springs, FL, for Joe F. Roach.

Michael A. Cauley, U.S. Attorney's Office, Tampa, FL, for John E. Steele.

## ORDER

G. KENDALL SHARP, District Judge.

Elliott Rosado, Omega Farris, Gary Farris, and Sherry Farris (plaintiffs) bring this action pursuant to 42 U.S.C. §§ 1983, 1985, 1986, and 1988, 18 U.S.C. §§ 872, 876, and 1001, and 26 U.S.C. § 7214 against Joseph V. Curtis (Curtis), Patricia E. Dorman (Dorman), Roslyn A. Russell (Russell), Joe F. Roach (Roach), Margaret A. Weiss (Weiss),

Orland D. Smith (Smith), Dale F. Hart (Hart), and various John Does and Jane Does, alleging violations of the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution. Plaintiffs also raise claims under state law. Curtis, Dorman, Russell, Roach, Weiss, Smith, and Hart (defendants) filed a motion to dismiss, or in the alternative, motion for summary judgment. Plaintiffs responded in opposition to the motion. Based on a review of the case file and relevant law, the court grants summary judgment in favor of defendants.

## I. Facts

Curtis, Dorman, Russell, Weiss, Smith and Hart are employees of the Internal Revenue Service (IRS). In April of 1992, Curtis, a revenue officer, was assigned the task of securing the delinquent tax liabilities of Omega Farris and Sherry Farris. In accordance with his assignment, Curtis caused to be filed Notices of Federal Tax Lien with the Clerk of Circuit Court of Lake County, Florida and with the County Comptroller of Orange County, Florida on or about April 30, 1992, May 4, 1992, and May 11, 1992. In addition, on May 4, 1992, Curtis issued a Notice of Intent to Levy to Omega Farris and Sherry Ferris with regard to their tax liabilities. On June 24, 1992, Curtis seized the personal residence of Omega Farris and Sherry Farris located at 12737 Monte Vista Road, Clermont, Florida and personally served a Notice of Seizure on Sherry Farris with regard to the residence which was seized.

On August 6, 1992, Curtis presented an Application of Revenue Officer to Enter Premises to Effect Levy with a memorandum in support to Magistrate Judge John E. Steele (Magistrate Judge Steele) and executed an affidavit in support of the application before Magistrate Judge Steele. Subsequently, Magistrate Judge Steele issued an Order for Entry on Premises to Effect Levy which allowed Curtis or other designated IRS personnel to enter the premises at 12737 Monte Vista Road, Clermont, Florida "and to make such search as is necessary in order to levy and seize." (Doc. 173, Ex. 4.) On August 11, 1992, Curtis, three revenue officers, and three IRS special agents went to the residence located at 12737 Monte Vista Road.

After a locksmith opened the door, Curtis, the revenue officers, and the IRS special agents entered the house, seized certain items, and inventoried the items seized. While Curtis and the other officers were at the residence, Omega Farris and Sherry Farris returned to the residence. Subsequently, on August 11, 1992, Curtis seized a truck which belonged to Omega Farris.

Sometime later, Omega Farris and Sherry Farris filed for bankruptcy. After the IRS obtained an order lifting the automatic stay in the bankruptcy case, the IRS sold Omega Farris's truck on January 27, 1993. On February 17, 1993, the IRS sold the residence to Roach. The Deed of Real Estate which deeded the property to Roach was signed by Russell as Assistant Chief of the Collection Division of the IRS located in Jacksonville, Florida. On January 29, 1993, the personal property which had been seized was sold at public auction. The proceeds from the sale of truck, residence, and personal property were applied to the delinquent tax liabilities of Omega Farris and Sherry Farris.

## II. Legal Discussion

### A. Standard for Summary Judgment

Summary judgment is authorized if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *accord Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). "[T]he substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510. The moving party bears the burden of proving that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324–25, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). In determining whether the moving party has satisfied its burden, the court considers all inferences drawn from the underlying

facts in a light most favorable to the party opposing the motion, and resolves all reasonable doubts against the moving party. *Anderson,* 477 U.S. at 255, 106 S.Ct. at 2513; *see Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587–88, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). The moving party may rely solely on his pleadings to satisfy this burden. *Celotex,* 477 U.S. at 323–24, 106 S.Ct. at 2552–53; Fed.R.Civ.P. 56(c). "[T]here is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the evidence is merely colorable or is not significantly probative, summary judgment may be granted." *Anderson,* 477 U.S. at 249–50, 106 S.Ct. at 2511 (citations omitted).

*B. 18 U.S.C. §§ 872, 876 and 1001 and 26 U.S.C. § 7214*

■ Plaintiffs apparently bring this action pursuant to sections 872, 876, and 1001 of Title 18 of the United States Code. However, the court has been unable to locate authority which would imply a civil cause of action for violations of these federal criminal code provisions. Therefore, a private right of action does not exist for plaintiffs' claims brought under §§ 872, 876, and 1001. *See Federal Sav. and Loan Ins. Corp. v. Reeves,* 816 F.2d 130, 137 (4th Cir.1987) (finding no basis to imply a civil cause of action from 18 U.S.C. § 1001); *Williams v. McCausland,* 791 F.Supp. 992 (S.D.N.Y.1992). In addition, plaintiffs may not bring a claim for damages pursuant to 26 U.S.C. § 7214 until after a criminal conviction under the section. *See Brunwasser v. Jacob,* 453 F.Supp. 567, 572–73 (W.D.Pa.1978), *aff'd,* 605 F.2d 1194 (3d Cir.1979).

*C. 42 U.S.C. § 1983*

■ Plaintiffs bring this action pursuant to § 1983. Defendants assert that plaintiffs' complaint fails to state a claim for which relief can be granted under § 1983. To maintain an action under § 1983, plaintiffs must show a deprivation of rights, privileges, or immunities secured by the Constitution or laws of the United States and that the conduct complained of was committed by a person acting under color of state law. *Bendiburg v. Dempsey,* 909 F.2d 463, 468 (11th Cir.1990), *cert. denied,* 500 U.S. 932, 111 S.Ct. 2053, 114 L.Ed.2d 459 (1991). Because plaintiffs' action involves federal officials acting under color of federal law, plaintiffs fail to state a claim under § 1983. *See Walker v. Secretary of the Treasury, I.R.S.,* 713 F.Supp. 403, 409 (N.D.Ga.1989); *Church of Human Potential, Inc. v. Vorsky,* 636 F.Supp. 93, 95–06 (D.N.J.1986) (stating that action of IRS employee taken pursuant to federal law cannot form the basis of a § 1983 claim; and finding that the mere filing of a federal tax lien in a state office does not constitute state action because the state is merely a passive agent of the federal government in maintaining records of such liens); *Young v. I.R.S.,* 596 F.Supp. 141, 145 (N.D.Ind.1984) (noting that actions of IRS officials, even if beyond the scope of their officials duties, are acts done under color of federal law and not state law, thus making § 1983 inapplicable); *Komasinski v. I.R.S.,* 588 F.Supp. 974, 978 (N.D.Ind.1984) (stating that IRS employees involved in assessment of penalty and seizure of van were acting under federal law, and thus, holding § 1983 inapplicable).

*D. 42 U.S.C. §§ 1985 and 1986*

■ Plaintiffs also bring this action pursuant to 42 U.S.C. §§ 1985 and 1986. Although the complaint does not indicate which subsection within § 1985 applies to plaintiffs' claim, plaintiffs allege a conspiracy to deprive them of their property. Consequently, the court construes plaintiffs' complaint as an attempt to state a claim under § 1985(3). *See* 42 U.S.C. § 1985(3) (1988) (referring to conspiracy to deprive persons of rights or privileges). However, plaintiffs fail to sufficiently allege the existence of a conspiracy to interfere with civil rights or present facts to support such a claim. In addition, plaintiffs fail to allege a class-based discriminatory motive on the part of the conspirators. Accordingly, plaintiffs fail to state a claim for relief under § 1985(3). *See Lucero v. Operation Rescue of Birmingham,* 954 F.2d 624, 627 (11th Cir.1992) (identifying the elements of a cause of action under § 1985(3) to include (1) a conspiracy; (2) for the purpose of

depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States; and stating that the second element requires a showing of a racial or otherwise class-based, invidious discriminatory animus behind the conspirator's action); *Kaylor v. Fields,* 661 F.2d 1177, 1184 (8th Cir.1981). Further, because a cause of action under 42 U.S.C. § 1986 is dependent on a valid claim under § 1985, the court dismisses plaintiffs' claim under § 1986. *See id.; Morast v. Lance,* 631 F.Supp. 474, 479 (N.D.Ga.1986), *aff'd,* 807 F.2d 926 (11th Cir. 1987).

*E. Claims under Article I, Section 10, Clause 3 and the First and Eighth Amendments*

■ Plaintiffs assert that their rights under the Eighth Amendment were violated. However, plaintiffs do not allege facts to support such a claim within the complaint nor do plaintiffs argue this issue in their response to the motion for summary judgment. Plaintiffs' reliance on the Eighth Amendment is inappropriate because defendants' allegedly unconstitutional acts did not occur after a formal adjudication of guilt. *See City of Revere v. Massachusetts Gen. Hosp.,* 463 U.S. 239, 244, 103 S.Ct. 2979, 2983, 77 L.Ed.2d 605 (1983) (*quoting Ingraham v. Wright,* 430 U.S. 651, 671–72 n. 40, 97 S.Ct. 1401, 1412–13 n. 40, 51 L.Ed.2d 711 (1977), stating that "the State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with due process of law."). Therefore, plaintiffs' claim under the Eighth Amendment fails to state a claim for relief. In addition, plaintiffs' claim that their rights under the First Amendment were violated fails to state a claim for relief because plaintiffs fail to present facts to support such a claim.

The court notes that plaintiffs assert a violation of Article I, Section 10, Clause 3 of the United States Constitution as it pertains to organizing a standing army in times of peace. The court finds this claim wholly without merit.

*F. Sovereign Immunity*

■ Plaintiffs have sued the IRS employees in both their individual and official capacities seeking damages and declaratory relief. A suit against the IRS employees in their official capacities is, in essence, a suit against the United States. *See Gilbert v. DaGrossa,* 756 F.2d 1455, 1458–60 (9th Cir. 1985) (noting that sovereign immunity cannot be avoided by naming officers and employees of the United States as defendants). The United States is immune from suit unless it has expressly waived its immunity and has consented to suit. *See United States v. Shaw,* 309 U.S. 495, 500–01, 60 S.Ct. 659, 661, 84 L.Ed. 888 (1940). Although 28 U.S.C. § 1346(a)(1) provides for an action against the United States for allegedly erroneous or illegally assessed taxes, § 1346(a)(1) has been interpreted to apply to tax refund cases. *See Schon v. United States,* 759 F.2d 614, 617 (7th Cir.1985). Further, § 1346(a)(1) requires the taxpayer to pay the assessment before challenging its validity in district court. *See id.; Frasier v. Hegeman,* 607 F.Supp. 318, 322 (N.D.N.Y.1985). Plaintiffs do not seek a refund in this action but instead seek damages. Moreover, although the United States has waived its immunity with regard to some causes of action under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671–2680, the FTCA specifically excludes any claim arising in respect of the assessment or collection of any tax. *See* 28 U.S.C. § 2680(c) (1988); *see also Young v. I.R.S.,* 596 F.Supp. at 147 (noting that the United States has specifically reserved its immunity with regard to claims arising out of tax assessment and collection). Thus, sovereign immunity bars plaintiffs' action against the IRS employees in their official capacities.

*G. Bivens Action*

Plaintiffs claim that the defendants, acting under color of law, deprived them of their constitutional rights and seek damages for the alleged deprivation. Consequently, plaintiffs' complaint may be construed as

seeking to raise a *Bivens* claim against the IRS employees in their individual capacities. *See Bivens v. Six Unknown Federal Narcotics Agents,* 403 U.S. 388, 392–97, 91 S.Ct. 1999, 2002–05, 29 L.Ed.2d 619 (1971) (recognizing a cause of action for damages for unconstitutional conduct committed by a federal official acting under color of law). Defendants argue that plaintiffs fail to state a claim under *Bivens,* or in the alternative, that the federal defendants are entitled to qualified immunity.

■ A number of courts have dismissed *Bivens* actions brought against IRS agents for tax assessment and collection activities. *See Vennes v. Unknown Number of Unidentified Agents,* 26 F.3d 1448, 1453 (8th Cir. 1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 721, 130 L.Ed.2d 627 (1995); *McMillen v. United States Dep't of Treasury,* 960 F.2d 187, 190–91 (1st Cir.1991) (noting that Congress has provided taxpayers with the right to sue for a tax refund under 28 U.S.C. § 1346(a)(1) and 26 U.S.C. § 7422, and the ability to contest the validity of tax liens under 28 U.S.C. § 2410); *Wages v. I.R.S.,* 915 F.2d 1230, 1235 (9th Cir.1990), *cert. denied,* 498 U.S. 1096, 111 S.Ct. 986, 112 L.Ed.2d 1071 (1991); *see also Baddour, Inc. v. United States,* 802 F.2d 801, 808 (5th Cir.1986); *Cameron v. I.R.S.,* 773 F.2d 126, 129 (7th Cir.1985). In the present case, plaintiffs' claims stem from the IRS employees' activities in assessing taxes, filing notices of federal tax lien, levying against the property of Omega Farris and Sherry Farris, and selling the property. Accordingly, to the extent that plaintiffs bring this action against the IRS employees for their tax assessment and collection activities, the court declines to create a *Bivens* remedy. *See Schweiker v. Chilicky,* 487 U.S. 412, 423, 108 S.Ct. 2460, 2468, 101 L.Ed.2d 370 (1988) (stating that "[w]hen the design of a Government program suggests that Congress has provided what it considers adequate remedial mechanisms for constitutional violations that may occur in the course of its administration, we, have not created additional *Bivens* remedies."); *Vennes,* 26 F.3d at 1454 (noting that Congress has provided specific and meaningful remedies for taxpayers challenging overzealous tax assessment and collection activities).

The court further notes that a number of courts have declined to recognize a *Bivens* claim for asserted Fifth Amendment violations. *See National Commodity & Barter Ass'n v. Gibbs,* 886 F.2d 1240, 1248 (10th Cir.1989) (finding it inappropriate to recognize a *Bivens* remedy with respect to claims that IRS employees violated the Fifth Amendment and various provisions of the Internal Revenue Code); *Tonn v. United States,* 847 F.Supp. 711, 717–18 (D.Minn. 1993), *aff'd sub nom. Tonn v. Forsberg,* 27 F.3d 1356 (8th Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 1107, 130 L.Ed.2d 1073 (1995); *Hefti v. McGrath,* 784 F.Supp. 1426, 1431 (E.D.Mo.1992). In addition, plaintiffs' claim under the Fourteenth Amendment is inapplicable in a *Bivens* action. *See Hefti,* 784 F.Supp. at 1431 (stating that the Fourteenth Amendment has no application where the constitutional violations are alleged to have been committed by federal officers). However, because plaintiffs claim that an unlawful search and seizure occurred in violation of their constitutional rights, the court will address below plaintiffs' Fourth Amendment claim in the *Bivens* context. *See GM Leasing Corp. v. United States,* 429 U.S. 338, 360, 97 S.Ct. 619, 632, 50 L.Ed.2d 530 (1977).

*H. Qualified Immunity*

■ The federal defendants assert that they are entitled to qualified immunity. Government officials performing discretionary functions are entitled to immunity for civil damages absent evidence of conduct violating clearly established statutory or constitutional rights of which a reasonable person would have known. *See Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). To establish a qualified immunity defense, the defendants must first show that at the time the alleged acts occurred, they were acting within their discretionary authority. *See Courson v. McMillian,* 939 F.2d 1479, 1487 (11th Cir. 1991). Curtis states, through affidavit, that the actions he took with regard to Omega Farris and Sherry Farris were in his official capacity as an IRS revenue officer and in an effort to collect taxes assessed against and owing by Omega Farris and Sherry Farris.

The court finds that Curtis meets his burden to show that he was acting within his discretionary authority. In addition, the court notes that the record evidences that Russell was acting within her discretionary authority in signing the Deed of Real Estate which deeded the property to Roach. However, the remaining federal defendants fail to meet this burden. Although Curtis's affidavit refers to other revenue officers and special agents working with him, Curtis does not identify these IRS employees by name. The remaining federal defendants do not present evidence that they were acting within their discretionary authority. Instead, the defendants argue that plaintiffs fail to show that they acted outside the scope of their authority. Nevertheless, under the Eleventh Circuit's test for qualified immunity, the initial burden remains with the defendant asserting qualified immunity to show that he was acting within his discretionary authority at the time the alleged acts occurred. *See id.* However, the court notes that the record lacks evidence of any actions taken by these defendants. Because Curtis and Russell meet their burden, the burden shifts to the plaintiffs to show that Curtis and Russell violated clearly established law. *See id.*

In response to the motion for summary judgment, plaintiffs assert that the defendants deprived them of their property under color of law. Plaintiffs appear to argue that defendants levied and seized their property without authority and that the code provision concerning levy and distraint, 26 U.S.C. § 6331, has no implementing regulation. However, plaintiffs fail to show that Curtis and Russell violated clearly established law. *See Yalkut v. Gemignani,* 873 F.2d 31, 35 (2d Cir.1989) (noting that the Internal Revenue Code provides for collecting assessed taxes by levy pursuant to 26 U.S.C. § 6331 and that the authority to levy had been delegated to defendant IRS agents through 26 C.F.R. § 301.6331–1). Further, as noted below, the record shows that Curtis obtained a court order prior to entering the residence. Accordingly, Curtis and Russell are entitled to qualified immunity.

 Moreover, plaintiffs fail to show a deprivation of their constitutional rights. At various times within plaintiffs' complaint, plaintiffs claim that Curtis and others unlawfully entered their property or entered their residence without a warrant. Thus, plaintiffs claim that their rights under the Fourth Amendment were violated. However, the record shows that Curtis applied for and received an Order for Entry on Premises to Effect Levy which allowed Curtis or other designated IRS personnel to enter the premises located at 12737 Monte Vista Road and to make such search as necessary to levy and seize. Accordingly, Curtis's and the other unknown IRS employees' actions in entering the premises did not violate plaintiffs' rights under the Fourth Amendment. *See GM Leasing,* 429 U.S. at 360, 97 S.Ct. at 632 (holding that IRS agents should have obtained a warrant before forcible entry where IRS sought to levy and seize property). Furthermore, plaintiffs do not present evidence indicating that the search was unreasonable.

Finally, the court notes that plaintiffs have sued Roach, an individual, claiming that he acted in conjunction with the IRS employees to deprive them of their property. In plaintiffs' response to the motion for summary judgment, plaintiffs allege that Roach, working with the IRS, tried to induce Omega and Sherry Farris into an illegal act. Although the record shows that Roach purchased the property from the IRS, plaintiffs fail to present evidence of any unconstitutional conduct on the part of the IRS and Roach.

## I. Pendent State Claims

 When a district court dismisses all federal claims before trial, it is within the court's discretion to exercise pendent jurisdiction over remaining state law claims. Consequently, the court declines to exercise pendent jurisdiction over plaintiffs' state law claims. *See Rice v. Branigar Org., Inc.,* 922 F.2d 788, 792 (11th Cir.1991).

## III. Conclusion

The court finds that a private right of action does not exist for plaintiffs' claims brought under 18 U.S.C. §§ 872, 876, and 1001. In addition, plaintiffs may not bring a claim for damages pursuant to 26 U.S.C.

§ 7214 until after a criminal conviction under the section. Further, plaintiffs fail to state a claim for relief under 42 U.S.C. §§ 1983, 1985, 1986, and 1988 and with regard to plaintiffs' claims brought under the First and Eighth Amendments. Moreover, the court finds plaintiffs' claim of a violation of Article I, Section 10, Clause 3 of the United States Constitution wholly without merit. The court finds that sovereign immunity precludes the action against the IRS employees in their official capacities. To the extent that plaintiffs bring a *Bivens* action against the IRS employees in their individual capacities, the court declines to recognize a *Bivens* action against the IRS employees for their tax assessment and collection activities, and for claims brought under the Fifth and Fourteenth Amendment. Although the court recognizes a *Bivens* remedy for asserted Fourth Amendment violations, the court finds that Curtis is entitled to qualified immunity and that plaintiffs fail to show a deprivation of their constitutional rights. Because no federal claims remain in this action, the court declines to exercise pendent jurisdiction over plaintiffs' state law claims. The court grants summary judgment in favor of all defendants, (Doc. 171.), and instructs the clerk of the court to enter judgment accordingly.

It is **SO ORDERED.**