Steven G. PARHAM Plaintiff,

v.

Henry O. LAMAR, Beverly A. Stowell, Mike Barr, M. Partner, and J. Rykard, Defendants.

No. 97–1986–CIV–T–17C.

United States District Court, M.D. Florida, Tampa Division.

April 16, 1998.

Steven G. Parham, Tampa, FL, pro se.

Charles R. Wilson, U.S. Attorney's Office, M.D. of Florida, Tampa, FL, Mary Apostolakos Hervey, U.S. Dept. of Justice, Washington, DC, for Defendants.

### ORDER ON DEFENDANTS' MOTION TO DISMISS

KOVACHEVICH, Chief Judge.

## I. PROCEDURAL BACKGROUND

Plaintiff seeks an award of compensatory and exemplary damages against Defendants in the amount of $1,020,000.00, in their official capacity as Internal Revenue Service (I.R.S.) employees. This action arises from Defendants' seizure of Plaintiff's 1994 Nissan Sentra, which was seized subsequent to the issuance of a Levy and Notice of Seizure in order to collect his delinquent income tax payments. Plaintiff claims that the Defendants' seizure of his property violates the Fourth, Fifth, Sixth, Ninth, and Fourteenth Amendments. He has instituted a *Bivens* action, which allows recovery of money damages in federal court against a federal law enforcement officer who has violated the Fourth Amendment. *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). Plaintiff seeks action against Defendants both in their official and individual capacities.

Defendants now move this Court to dismiss this action on the following grounds: (1) a lack of personal jurisdiction of Defendant Stowell, a resident of the state of Georgia, (2) insufficient service of process on Defendants in their official capacity, (3) the complaint fails to assert any factual basis to establish the existence of a constitutional tort, (4) the court lacks subject matter jurisdiction in this proceeding, and (5) the United States is the proper party defendant.

## II. STANDARD OF REVIEW

The Court must view the allegations stated in the complaint in the light most favorable

to the Plaintiff and must consider those allegations to be true. *Quality Foods de Centro America, S.A. v. Latin American Agribusiness Development Corporation, S.A.*, 711 F.2d 989, 994–95 (11th Cir.1983). The Defendant must show that the Plaintiff cannot prove any set of facts that would entitle him to relief in order for the motion to be granted. *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir.1990). The Court must construe the complaint of a *pro se* litigant more liberally than it would that of a litigant represented by counsel. *Hughes v. Rowe*, 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980).

## III. LACK OF PERSONAL JURISDICTION OVER DEFENDANT STOWELL

■ Defendants argue that this action should be dismissed because this Court lacks personal jurisdiction over Defendant Stowell, a Georgia resident. There is a two-part test that is used to determine whether a court has personal jurisdiction over an individual. First, the Court determines whether the person is subject to personal jurisdiction in the state pursuant to the state's longarm statute. Fla. Stat. § 48.193. Second, the Court must determine whether the person has established sufficient minimum contacts with the state, so as not to violate the Fourteenth Amendment Due Process Clause. *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Plaintiff fails to present any facts in the complaint to suggest that Defendant Stowell has participated in any activity that would subject her to jurisdiction in Florida under Florida's longarm statute. Failure to find Defendant Stowell subject to jurisdiction under the longarm statute makes the inquiry into the existence of substantial minimum contacts inapposite since Plaintiff must establish that both elements are satisfied. However, there is no evidence presented to this Court to suggest that Defendant Stowell had sufficient minimum contacts within the state of Florida that would subject her to personal jurisdiction in Florida in this case.

## IV. INSUFFICIENT SERVICE OF PROCESS

■ Secondly, Defendants move this Court to dismiss this claim because Plaintiff failed to properly serve process on Defendants as agents of the federal government. Service upon an officer, agency, or corporation of the United States shall be effected by serving the United States and by: (1) delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought; (2) sending a copy of the summons and of the complaint by registered or certified mail to the United States Attorney General; and (3) sending a copy of the summons and complaint by registered or certified mail to the officer, agency, or corporation. Fed.R.Civ.P. 4(i). The docket sheet entries indicate that Plaintiff did serve the individual named Defendants by certified mail, but neglected to serve either the United States Attorney General or the United States Attorney for the Middle District. The rules provide that the court shall allow a reasonable time for service of process for the purpose of curing the failure to serve multiple defendants if the plaintiff has effected service on either the United States Attorney General or the United States attorney. Fed.R.Civ.P. 4(i)(3). This Court would feel compelled to permit Plaintiff to effect service if he had served either one of the officers mentioned above. However, neither the United States Attorney General nor the United States attorney has been properly served with process in this case. The Court, therefore, believes that it would be inappropriate to permit Plaintiff to serve these officials at this time.

■ Further, service upon an individual from whom a waiver has not been obtained and filed, other than an infant or incompetent person, may be effected in any judicial district of the United States "...pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the state..." Fed.R.Civ.P. 4(e)(1). In the instant case, Plaintiff served Defendants as individuals by certified mail. Under the Florida Rules of Civil Pro-

cedure, a defendant may accept service of process by mail, but acceptance of service of a complaint by mail does *not* thereby waive any objection to the venue or to the jurisdiction of the court over the person of the defendant. Fla. R. Civ. P. 1.070(i)(1). Therefore, even though Defendants were served as individuals by certified mail, they shall not be deemed to have waived any objection that they might have with respect to this Court's proper personal jurisdiction merely by accepting such service. Plaintiff has thus failed to sufficiently serve process on Defendants either in their official capacity, by not serving the United States Attorney General or the United States Attorney for the district, or in their individual capacity, by not serving them through a means required by Florida law.

## V.  FAILURE TO ASSERT ANY FACTUAL BASIS TO ESTABLISH A CONSTITUTIONAL TORT

■ Plaintiff seeks recovery from Defendants through the institution of a *Bivens* action. A *Bivens* action allows an individual to recover money damages against a federal law enforcement official in federal court when the official has committed a Fourth Amendment violation. However, the courts have been reticent to extend this remedy into other contexts, especially "when the design of a government program suggests that Congress has provided what it considers adequate remedial mechanisms for constitutional violations that may occur in the course of its administration." *Schweiker v. Chilicky,* 487 U.S. 412, 420, 108 S.Ct. 2460, 101 L.Ed.2d 370 (1988). A number of courts, including this one, have refused to extend the *Bivens* action remedy to tax assessment and collection cases. *Rosado v. Curtis,* 885 F.Supp. 1538, 1543 (M.D.Fla.1995). The Internal Revenue Code does create alternate mechanisms whereby aggrieved taxpayers can seek to have their constitutional rights vindicated. One such remedy is a civil action for unauthorized collection action. 26 U.S.C. § 7433. This section provides that a taxpayer may bring a civil action for damages against the United States if an officer or employee of the I.R.S. recklessly or intentionally disregards any provision of this title. *Id.* If the employ-

ee is found liable, the plaintiff is entitled to recover an amount equal to the lesser of (1) $1,000,000 or (2) the sum of actual, direct economic damages sustained by the plaintiff as a proximate result of the employee's actions plus the costs of the action. *Id.*

This Court believes that 26 U.S.C. § 7433 provides Plaintiff with an adequate remedial mechanism by which to challenge what he alleges to be a constitutional violation by the I.R.S. officers. This Court, therefore, believes that Plaintiff's pursuit of a *Bivens* action in this case is inappropriate since the Internal Revenue Code has created an alternate remedy for Plaintiff to pursue in this matter, namely a civil action for unauthorized collection action under § 7433. If Plaintiff prevails in the civil action, he will be entitled to a maximum recovery of $1,000,000.00 pursuant to the statute.

## VI.  FAILURE TO STATE A CLAIM AS TO CONSTITUTIONAL AND STATUTORY PROVISION RELIED ON BY PLAINTIFF

### A.  Fourth Amendment

■ Plaintiff alleges that Defendants' seizure of his car violated Plaintiff's Fourth Amendment right against unreasonable searches and seizures. Defendants argue that Plaintiff's car was seized pursuant to a levy and notice of seizure that were issued after notice and demand for payment had been made. Defendants maintain that Plaintiff failed to establish in his complaint that their actions did not comply with the Internal Revenue Code and were not lawful in obtaining Plaintiff's outstanding payments.

For there to be Fourth Amendment violation, Plaintiff must prove that the search or seizure was unreasonable. U.S. Const. Amdt. IV. The I.R.S. is authorized to levy all property owned by an individual who fails to pay taxes within ten days after notice and demand. 26 U.S.C. § 6331. Plaintiff had failed to pay outstanding taxes and the I.R.S. had issued a notice to demand payment. The Court cannot find that the officers' actions were unreasonable because they were operating pursuant to a levy and notice of seizure that had been issued.

## B. Fifth Amendment

■ Plaintiff alleges further that Defendants' actions violated the Fifth Amendment Due Process Clause. The courts have refused to recognize a *Bivens* cause of action under the Fifth Amendment. *Seibert v. Baptist*, 594 F.2d 423, 430 (5th Cir.1979). The summary and collection activities have been upheld as not in violation of the Due Process Clause so long as an adequate opportunity exists for post-seizure review. *Baddour, Inc. v. United States*, 802 F.2d 801, 807 (5th Cir.1986). The seizure provision, 26 U.S.C. § 6331, has been challenged on constitutional grounds for lack of pre-seizure judicial hearings and has been upheld in a variety of contexts. *Myers v. United States*, 647 F.2d 591 (5th Cir.1981). This Court believes that Plaintiff has been afforded sufficient post-seizure review by the statute, and that the statute does not violate his rights of notice and fair hearing as guaranteed by the Fifth Amendment Due Process Clause.

## C. Sixth Amendment

■ Plaintiff asserts that, in seizing his automobile, Defendants violated his Sixth Amendment rights: (1) the right to a speedy, impartial trial by jury, (2) the right to be informed of the nature of the accusations, and (3) the right to the assistance of counsel. U.S. Const. Amdt. VI. Defendants argue that Plaintiff's claims under the Sixth Amendment are unavailing because those rights only inure in the case of a criminal prosecution. The Court reads the Sixth Amendment to apply only with respect to criminal prosecutions. As Plaintiff's Sixth Amendment claims are inapposite in this circumstance since this proceeding is a civil action that seeks monetary damages for Defendants' alleged violation.

## D. Ninth Amendment

■ Plaintiff further alleges that Defendants' seizure of his automobile violated the Ninth Amendment, which states "the enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." U.S. Const. Amdt. IX. However, Plaintiff neglected to state in his complaint the unenumerated right on which he had based his Ninth Amendment claim. Defendants contend that Plaintiff's claim should not be recognized since its basis is not stated in the complaint. The Court is, therefore, uncertain about the specific right(s) Plaintiff claims that Defendants have infringed. One court has held that a plaintiff could not maintain a civil rights claim for defendants' alleged violation of the Ninth Amendment where a plaintiff has failed to identify any fundamental right implicitly guaranteed by the Ninth Amendment that a defendant has abridged. *Olzinski v. Maciona*, 714 F.Supp. 401 (E.D.Wis.1989). Since Plaintiff has neglected to state what right has been abridged, this Court is constrained not to recognize that a Ninth Amendment claim exists.

## E. Fourteenth Amendment

■ Plaintiff also seeks relief under the Fourteenth Amendment, which states [in pertinent part] "...nor shall a state deprive any person of life, liberty, or property, without due process of law...." U.S. Const. XIV. Defendants argue that the Fourteenth Amendment is inapposite because it is requires state action. As the I.R.S. officials are federal officials, this Court concludes that the Fourteenth Amendment is not applicable in this instance.

## F. Section 1983

■ Finally, Plaintiff claims jurisdiction under 42 U.S.C. § 1983, which authorizes suit against an official acting under color of *state* law who deprives an individual of his constitutional or statutory rights. This Court has held that Section 1983 does not allow suit against an officer acting under color of federal law. *Rosado v. Curtis*, 885 F.Supp. 1538, 1543 (M.D.Fla.1995). The I.R.S. officials are employees of the federal government, and as such, their actions are made under color of federal law. Therefore, Plaintiff cannot make a Section 1983 claim against the I.R.S. officials since they do not act under color of state law.

## VII. LACK OF SUBJECT MATTER JURISDICTION

■ Defendants also move this Court to dismiss this case for lack of subject matter

jurisdiction. Plaintiff asserts that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, diversity of citizenship. In order for this Court to have jurisdiction under this section, (1) the amount in controversy must exceed $75,000.00, and (2) Plaintiff(s) and Defendant(s) must be from different states. Plaintiff is a citizen of Florida and Defendant Stowell is a citizen of Georgia. However, four out of the five Defendants are also Florida citizens. Therefore, complete diversity does not exist and this Court cannot assume jurisdiction under 28 U.S.C. § 1332. Further, this Court lacks jurisdiction under 28 U.S.C. § 1346, which grants district courts original jurisdiction of "any civil action against the United States for any internal-revenue tax alleged to have been erroneously or illegally assessed or collected...." Plaintiff has not joined the United States as a defendant in this action. Since the United States has not been sued, this Court is not authorized to hear the case under this section. Finally, since Plaintiff cannot institute a *Bivens* action for a tax assessment case, there is no federal question and jurisdiction will not lie under 28 U.S.C. § 1331.

## VIII. UNITED STATES AS PROPER PARTY DEFENDANT

Plaintiff has sued the I.R.S. officials as individuals in an attempt to recover damages against them as individuals. As previously stated, Plaintiff's action in this instance is properly taken against the United States. 26 U.S.C. § 7433. If Plaintiff wishes to challenge the I.R.S. officials' actions of seizing his car as a violation of law, he should bring an action against the United States. His suit against the individual I.R.S. officials is inappropriate and thus, this action should be dismissed.

Accordingly, it is **ordered** that the motion to dismiss (Docket No. 4) be **granted** and the Clerk of Court be **directed** to enter judgment for the Defendants.